ROB BONTA, State Bar No. 202668
Attorney General of California
PREETI K. BAJWA, State Bar No. 232484
Supervising Deputy Attorney General
ANTHONY N. CORSO, State Bar No. 280618
COLIN A. SHAFF, State Bar No. 300301
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-4429
Fax: (415) 703-5843
E-mail: Anthony.Corso@doj.ca.gov
*Attorneys for Defendants*
*CDCR, K. Allison, M. Houston, and M. Pallares*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JANINE CHANDLER; KRYSTAL GONZALEZ; TOMIEKIA JOHNSON; NADIA ROMERO, individuals; and WOMAN II WOMAN, a California non-profit corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, in her official capacity; MICHAEL PALLARES, Warden, in his official capacity; MONA D. HOUSTON, Warden, in her official capacity; and DOES 1-10, inclusive,**<br><br>Defendants. | 1:21-cv-01657-JLT-HBK<br><br>**DECLARATION OF J. THISSEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: The Honorable Jennifer L. Thurston<br>Action Filed: November 17, 2021 |

I, J. Thissen, declare:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as a Grievance Coordinator at the Central California Women's Facility (CCFW). I make

this declaration in support of Defendants' motion to dismiss, and could and would testify to the same if called to do so by this Court.

2. CDCR provides prison inmates with a comprehensive administrative grievance process in which prisoners may administratively grieve a "policy, decision, action, condition, or omission" made by any CDCR employee.

3. The Office of Grievances receives and reviews all non-healthcare grievances. Since August 1, 2008, all healthcare-related grievances are received and reviewed by the Healthcare Grievance Office.

4. As the inmate Grievance Coordinator, I am responsible for reviewing inmate grievances that do not involve inmate's medical care or other medical-related issues. I also coordinate the processing and maintenance of records concerning inmate grievances submitted at CCWF.

5. All grievances submitted by an inmate are assigned log numbers and maintained in the inmate's central file. If a grievance is contaminated with organic, toxic, or hazardous materials that may threaten staff safety or institutional security, then the grievance shall be safely discarded and disallowed. The inmate may re-submit the grievance concerning the same claim or claims. The Office of Grievances provides a written Acknowledgement Letter to the inmate within four days of receipt of the grievance.

6. Inmate grievances are screened by the Centralized Screening Team under the supervision of the Office of Internal Affairs for processing in accordance with current policy. The Centralized Screening Team identifies individual claims within a grievance and determines if each claim meets criteria for processing as a staff misconduct allegation or a routine claim. Routine claims may be screened to determine if they are in compliance with the CDCR's regulations regarding inmate grievances. The possible outcomes are as follows: routine claim assigned for processing by the institution, no jurisdiction, reassigned, redirected, rejected, or pending legal matter. Upon completion of all claims within a given grievance, a written decision letter is generated and provided to the inmate noting the decision for each claim as well as the reason for the decision. Claims identified by the Centralized Screening Team as containing

allegations of Staff Misconduct constitute exhaustion of all administrative remedies available to the inmate within the department; therefore, no appeal is available to the inmate. However, an inmate who wishes to appeal the written grievance decision or remedy provided by an Institutional or Regional Office of Grievances concerning one or more claims they previously submitted in a grievance, shall do so in writing by regular mail, electronic kiosk, or tablet, if available, to the "Office of Appeals."

7. CCWF Office of Grievances maintains an electronic file to track the grievances submitted at CCWF. This file contains information relating to the acceptance and screening of inmate grievances. This file is made and kept as part of CDCR's regular and normal course of business.

8. I am familiar with the record-keeping system for inmate grievances at the institutional level, and am able to verify the status of an inmate's grievances submitted at CCWF.

9. At the request of the Attorney General's Office, I conducted a search of CCWF's grievance records for all non-healthcare grievances submitted by Plaintiff Krystal Gonzalez (WF7560) for review during the period of January 1, 2021, through November 17, 2021, that reference the allegations made in plaintiffs' complaint. Records indicate that on August 5, 2021, Gonzalez filed a single grievance, grievance Log No. 148990. A review of CCWF's records does not show any other grievances were filed that are relevant to the plaintiff's allegations. Grievance Log No. 148990, Claim No. 2 was disapproved on October 5, 2021. Gonzalez did not file an appeal of the grievance response. A true and correct copy of Grievance No. 148990 and the grievance response are attached as Exhibit A.

10. At the request of the Attorney General's Office, I conducted a search of CCWF's grievance records for all non-healthcare grievances submitted by Plaintiff Nadia Romero (W86365) for review during the period of January 1, 2021, through November 17, 2021, that reference the allegations made in plaintiffs' complaint. Records indicate that on June 29, 2021, Romero filed a single grievance, grievance Log No. 134251. A review of CCWF's records do not show any other grievances were filed that are relevant to the plaintiffs' allegations. Grievance Log No. 134251, Claim No. 002 and Claim No. 003, were disapproved on August 27, 2021.

Gonzalez filed an appeal; however, all appeal claims were rejected due to Gonzalez's failure to submit the appeal within the required timeframe. A true and correct copy of Grievance Log No. 134251, grievance response, appeal Log No. 134251, and the appeal response are attached as Exhibit B.

11. At the request of the Attorney General's Office, I conducted a search of CCWF's grievance records for all non-healthcare grievances submitted by Plaintiff Janine Chandler (X17395) for review during the period of January 1, 2021, through November 17, 2021, that reference the allegations made in plaintiffs' complaint. Records indicate that on September 7, 2021, Chandler filed a single grievance, grievance Log No. 160878. A review of CCWF's records do not show any other grievances were filed that are relevant to the plaintiffs' allegations. Grievance Log No. 160878, Claim No. 001, was disapproved on November 5, 2021. Chandler did not file an appeal of the grievance response. A true and correct copy of Grievance No. 160878 and the grievance response are attached as Exhibit C.

12. At the request of the Attorney General's Office, I conducted a search of CCWF's grievance records for all non-healthcare grievances submitted by Plaintiff Tomiekia Johnson (WE4176) for review during the period of January 1, 2021, through November 17, 2021, that reference the allegations made in plaintiffs' complaint. The following is a true and correct summary of each of Johnson's grievances, grievance determinations, appeals, and appeal determinations:

a. Records indicate that on December 7, 2020, Johnson filed grievance Log No. 64789. A review of CCWF's records indicates grievance Log No. 64789 was closed as Pending Legal Matter on December 14, 2020. Johnson did not file an appeal of the grievance response for grievance Log No. 64789. A true and correct copy of Grievance No. 64789 and the response are attached as Exhibit D.

b. Records indicate that on July 2, 2021, Johnson filed grievance Log No. 135607. A review of CCWF's records indicates grievance Log No. 135607 was disapproved on August 30, 2021. Johnson filed an appeal on/about September 8, 2021; however, it was denied on November 6, 2021. A true and correct copy of

Grievance No. 135607, the grievance response, appeal, and appeal response are attached as Exhibit E.

c. Records indicate that on August 25, 2021, Johnson filed grievance Log No. 156806. A review of CCWF's records indicates grievance Log No. 156806, Claim No. 003 "time expired" on October 26, 2021. Johnson did not file an appeal of the grievance response for grievance Log No. 156806, Claim No. 003. A true and correct copy of Grievance No. 156806 and the grievance response are attached as Exhibit F.

d. Records indicate that on September 10, 2021, Johnson filed grievance Log No. 163278. A review of CCWF's records indicates grievance Log No. 163278, Claim No. 001 was disapproved on November 1, 2021. Johnson filed an appeal on/about November 10, 2021; however, it "time expired" on January 10, 2022. A true and correct copy of Grievance No. 163278, the grievance response, appeal, and appeal response are attached as Exhibit G.

e. Records indicate that on September 13, 2021, Johnson filed grievance Log No. 163815. A review of CCWF's records indicates grievance Log No. 163815, Claim No. 004 was rejected as a duplicate to grievance Log No. 163278 and Claim No. 005 was redirected to the Facility Captain to address an allegation against another offender. Johnson filed an appeal on/about November 10, 2021; however, Johnson did not appeal Claim No. 004 or 005. A true and correct copy of Grievance No. 163815, the grievance response, appeal, and appeal response are attached as Exhibit H.

f. Records indicate that on September 15, 2021, Johnson filed grievance Log No. 164890. A review of CCWF's records indicates grievance Log No. 164890, Claim No. 002 was redirected to the Facility Captain to address an allegation against another offender on September 20, 2021; Claim No. 003 was rejected as a duplicate to grievance Log No. 163278 and 163815 on September 23, 2021, and Claim No. 004 was rejected due to time and redirected to the Facility Captain to

address an allegation against another offender on September 20, 2021. Johnson filed an appeal on/about November 22, 2021, however, Claim No. 004 was denied on January 20, 2022. A true and correct copy of Grievance No. 164890, the grievance response, appeal, and appeal response are attached as Exhibit I.

g. Records indicate that on September 27, 2021, Johnson filed grievance Log No. 169204. A review of CCWF's records indicates grievance Log No. 169204, Claim No. 002 was rejected as a duplicate to grievance Log No. 163278, 163815, and 164890 on October 1, 2021; Claim No. 004 was redirected to the Facility Captain to address an allegation against another offender on September 29, 2021; and Claim No. 005 was redirected to the Facility Captain to address an allegation against another offender on September 29, 2021. Johnson filed an appeal on/about December 6, 2021; however, Claim No. 002 was denied on January 31, 2022. A true and correct copy of Grievance No. 169204, the grievance response, appeal, and appeal response are attached as Exhibit J.

h. Records indicate that on October 11, 2021, Johnson filed grievance Log No. 174412. A review of CCWF's records indicates grievance Log No. 174412, Claim No. 001 was rejected as a duplicate to grievance Log No. 169204, 163278, 163815, and 164890 on October 20, 2021, and Claim No. 003 was redirected to the Facility Captain to address an allegation against another offender on October 15, 2021. Johnson filed an appeal on/about October 27, 2021; however, Johnson did not appeal Claim No. 001 or 003. A true and correct copy of Grievance No. 174412, the grievance response, appeal, and appeal response are attached as Exhibit K.

13. Staff at CCWF are not permitted to make alterations, amendments, or changes to plaintiff's written grievances. None of the grievances filed by any of the inmates were altered, amended, or changed by myself or the staff at CCWF when filed, appealed, or responded to. Redactions to the grievances were made during the preparation of the exhibits to this declaration

to remove identifying and private information of inmates and private citizens not a party to this action and not employees of CDCR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on April 7, 2022 at Chowchilla, California.

J. THISSEN
Correctional Counselor II and Grievance Coordinator
California Central Women's Facility

SA2021402445
36008394