SHAWN MEERKAMPER (SBN 296964)
shawn@transgenderlawcenter.org
**TRANSGENDER LAW CENTER**
P.O. Box 70976
Oakland, California 94612
Telephone: (510) 587-9696

AMANDA C. GOAD (SBN 297131)
agoad@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street, #200
Los Angeles, California 90017
Telephone: (213) 977-9500

CHRISTINA S. PAEK (SBN 341994)
cpaek@lambdalegal.org
**LAMBDA LEGAL**
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Telephone: (213) 382-7600

NORA HUPPERT (SBN 330552)
nhuppert@lambdalegal.org
**LAMBDA LEGAL**
65 E. Wacker Place, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 663-4413

RICHARD SAENZ (*pro hac vice* forthcoming)
rsaenz@lambdalegal.org
**LAMBDA LEGAL**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: (212) 809-8585

DIMITRI D. PORTNOI (SBN 282871)
dportnoi@omm.com
MICHAEL J. SIMEONE (SBN 326844)
simeone@omm.com
ELIZABETH A. ARIAS (SBN 318283)
earias@omm.com
SHIVANI I. MORRISON (SBN 342874)
smorrison@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000

SHILPI AGARWAL (SBN 270749)
sagarwal@aclunc.org
**ACLU FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)**

| | |
|---|---|
| JANINE CHANDLER, et al.,<br>Plaintiffs,<br>v.<br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | Case No. 1:21-cv-01657-JLT-HBK<br>**DECLARATION OF KATIE BROWN** |

I, Katie Brown, hereby declare:

1. I make this declaration based on my own personal knowledge, and if called to testify, I could and would do so as follows:

2. I am a Black transgender woman. My pronouns are "she," "her," and "hers." I am 37 years old.

3. I am submitting this declaration in support of a motion to intervene in this lawsuit, to explain my interest in the lawsuit and my reasons for wanting to help defeat the lawsuit.

4. My name is Katie. The first name written on my birth certificate and the name currently listed on my CDCR records is "Keith," but after I came out as a transgender woman, I started going by "Katie" because it better reflects who I am.

5. I am currently incarcerated at the Salinas Valley State Prison ("SVSP"), a men's facility. I have been living here since September 1, 2019.

6. I have been in the custody of the California Department of Corrections & Rehabilitation ("CDCR") since May of 2017.

7. The entire time I have been in CDCR custody, I have been living as a transgender woman in facilities designated for men.

8. I understand that because I am a transgender woman, S.B. 132 creates an opportunity for me to be housed in a women's facility. I believe I would be safer in a women's facility and could more freely express my gender without fear of violence or retribution.

9. Transferring to a women's facility under S.B. 132 would also better allow me to continue my physical transition. I have recently begun gender-affirming hormone treatment, and as my body has continued to change, I have become increasingly uncomfortable living in a men's facility.

10. CDCR's men's prisons are not a safe place for me. The other incarcerated people routinely harass me because I am a transgender woman. They taunt me, call me names, and seek sexual favors from me. Though I try to keep to

myself as much as possible—such as by avoiding the yard, which is one of the few opportunities I have to get fresh air—there is only so much I can do. Despite my best efforts to avoid it, this type of harassment is part of my daily reality.

11. I have also been targeted by CDCR staff at SVSP because of my gender. For example, there is one officer at SVSP who frequently singles out transgender women, including me, for unjustified disciplinary action.

12. CDCR staff consistently and purposefully misgender me. I have repeatedly told staff that my name is Katie and that my pronouns are "she," "her," and "hers." Despite my requests, the staff do not use my correct name or pronouns. Instead, they taunt and harass me by using masculinized names and titles, such as "him," "boy," and "Mr. Brown."

13. When I heard about S.B. 132, I was excited and felt hopeful to transfer so that I could finally be housed among other women and be away from the harassment I have experienced at men's facilities.

14. On or about January 3, 2021, I formally requested to transfer to a women's facility under S.B. 132.

15. In order to transfer, I was required to complete a class entitled "Right Person, Right Prison." CDCR staff told me that after I completed the class, my gender identity information would be formally updated in CDCR's records and that an Institutional Classification Committee ("ICC") hearing would follow, where a decision would be made about my transfer request.

16. In October and November of 2021, I completed the class. In November of 2021, I requested an ICC hearing. An SVSP staff member refused to take me to the hearing because he refused to acknowledge or accept that I am a transgender woman. I filed a grievance about this incident.

17. As of April 2022, I am still awaiting transfer. I am still awaiting an ICC hearing. To my knowledge, my gender identity information, including my correct name and pronouns, has not been corrected in CDCR's records. And there

has been no formal decision made on my transfer request under S.B. 132.

18. CDCR has never formally communicated a reason for the significant delay. I now fear that I will never have my chance to be heard in an ICC hearing and that I will never be able to transfer to a women's facility.

19. If the plaintiffs were to succeed in this lawsuit, my fear would become reality. Without S.B. 132, I fear that I will not be able to transfer to a women's facility. Because I will not be eligible for parole until 2044, I am scared that I will have to serve the rest of my time alongside the same men who have repeatedly harassed me.

20. I do not trust that CDCR will fight vigorously to protect my interests and uphold S.B. 132. Since its enactment, CDCR staff have not demonstrated a sincere intent to implement the law, much less defend it. Their harassment, discriminatory treatment, and disrespect of the transgender community cause me even more concern. I do not feel that the agency whose staff consistently insult my identity and dignity could possibly represent my best interests in this case, which challenges my right to live as my truest self.

21. As a transgender woman, I belong in a women's facility. I deserve to be called by my correct name and pronouns. S.B. 132 seeks to protect these rights and affirm my dignity.

22. I want to participate in this lawsuit because as long as S.B. 132 stands, I have hope of living and continuing my transition in a safer and more peaceful environment. To keep this hope alive, I want to fight to uphold S.B. 132.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of April 2022 at Soledad, California.

Katie Brown