SHAWN MEERKAMPER (SBN 296964)
shawn@transgenderlawcenter.org
**TRANSGENDER LAW CENTER**
P.O. Box 70976
Oakland, California 94612
Telephone: (510) 587-9696

AMANDA C. GOAD (SBN 297131)
agoad@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street, #200
Los Angeles, California 90017
Telephone: (213) 977-9500

CHRISTINA S. PAEK (SBN 341994)
cpaek@lambdalegal.org
**LAMBDA LEGAL**
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Telephone: (213) 382-7600

NORA HUPPERT (SBN 330552)
nhuppert@lambdalegal.org
**LAMBDA LEGAL**
65 E. Wacker Place, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 663-4413

RICHARD SAENZ (*pro hac vice* forthcoming)
rsaenz@lambdalegal.org
**LAMBDA LEGAL**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: (212) 809-8585

DIMITRI D. PORTNOI (SBN 282871)
dportnoi@omm.com
MICHAEL J. SIMEONE (SBN 326844)
simeone@omm.com
ELIZABETH A. ARIAS (SBN 318283)
earias@omm.com
SHIVANI I. MORRISON (SBN 342874)
smorrison@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000

SHILPI AGARWAL (SBN 270749)
sagarwal@aclunc.org
**ACLU FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)**

JANINE CHANDLER, et al.,

Plaintiffs,

v.

CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 1:21-cv-01657-JLT-HBK

**DECLARATION OF JENNIFER ROSE**

1. I make this declaration based on my own personal knowledge, and if called to testify, I could and would do so as follows:

2. I am a transgender woman. My pronouns are “she,” “her,” and “hers.” I am 52 years old.

3. I am submitting this declaration in support of a motion to intervene in this lawsuit, to explain my interest in the lawsuit and my reasons for wanting to help defeat the lawsuit.

4. I am currently incarcerated at the Salinas Valley State Prison. I have been living here since December of 2016.

5. I have been in the custody of the California Department of Corrections & Rehabilitation (“CDCR”) since 1991.

6. I began my transition in 2006, and I have lived as a transgender woman in facilities designated for men for approximately sixteen years.

7. My female gender has been reflected on my birth certificate since 2018, as a result of a court order. Despite this fact, CDCR continues to classify me incorrectly as “male” in many of their internal records.

8. I have long been involved in advocacy for my own rights and the rights of other incarcerated transgender people. For years, I have advocated for myself and other trans women to have the ability to be housed in women’s facilities and to address the specific safety concerns of incarcerated trans women wrongly misgendered and housed in men’s facilities. I have engaged in this work both on my own and in connection with the TGI Justice Project.

9. As a transgender woman living in a facility designated for men, I have experienced extensive physical and sexual violence.

10. I have been sexually assaulted twice.

11. One of those assaults, in 2010, happened after CDCR placed a man with a known history of inflicting sexual violence in a cell with me, a transgender woman.

12. I have also been physically assaulted. For instance, on September 13, 2016, while incarcerated at a different facility designated for men, I was brutally attacked by CDCR staff. While I was facing a locker with my hands up, two officers tackled me, beat me, struck my head and face repeatedly, pinned me, and called me a "faggot." They then continued punching me in the head and placed me in handcuffs to transport me to a medical clinic.

13. On the way to the clinic, I was transferred into the custody of two other officers. While I was handcuffed and defenseless, these officers body-slammed me to the asphalt track and dropped their knees and body weight onto my back and head. I was pinned, bleeding from a serious head injury, and unable to inhale. These officers then ordered me to be placed in leg restraints and a spit mask. Afterwards, I was transported to the clinic, where my requests for medical care were ignored for several hours until I was finally transferred to a hospital for emergency care.

14. In October of 2018, I filed a lawsuit against CDCR concerning these events in the federal district court for the Eastern District of California, *Jennifer Amelia Rose v. R. Adair, et al.,* Case No. 1:18-cv-01384-LJO-JDP, which was voluntarily dismissed pursuant to a settlement on June 29, 2020.

15. I have watched SB 132 closely and have participated in countless conversations about its shape and its implementation. I have also advocated for CDCR to comply with SB 132 after it became effective. CDCR employees have singled me out for these advocacy efforts.

16. I consider CDCR's supposed compliance with SB 132 to be nothing more than window dressing.

17. I requested a transfer under SB 132 on the second day after the law took effect. Now, approximately fifteen months later, I am still housed in a facility designated for men. I have received no formal response to my transfer request.

Instead, I have only heard excuses from CDCR personnel for their failure to fulfill their obligations under SB 132 by addressing my transfer request and others'.

18. Additionally, when SB 132 first took effect, I expressed my search preference under the law. As a woman, I requested to be searched only by female CDCR employees. However, I later discovered that CDCR had incorrectly documented my search preference, and I had to have my responses corrected. But even still, CDCR often does not respect my search preference.

19. I consider myself a radical feminist, and one who fights for the joint liberation of transgender women and cisgender women. That is exactly why I am troubled by the Plaintiffs' lawsuit. They are ignoring the safety concerns of transgender women in facilities designated for men. I am aware of at least six trans women who have been murdered in men's facilities in California. If the Plaintiffs succeed, I know that more transgender women will die as a result. I want to participate in this lawsuit as someone who is supposed to be protected by SB 132, and as someone committed to standing up for the rights and safety of all trans prisoners.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of April, 2022 at Soledad, California.

Jennifer Rose