SHAWN MEERKAMPER (SBN 296964)
shawn@transgenderlawcenter.org
**TRANSGENDER LAW CENTER**
P.O. Box 70976
Oakland, California 94612
Telephone:     (510) 587-9696

AMANDA C. GOAD (SBN 297131)
agoad@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN
CALIFORNIA**
1313 W. 8th Street, #200
Los Angeles, California 90017
Telephone:     (213) 977-9500

CHRISTINA S. PAEK (SBN 341994)
cpaek@lambdalegal.org
**LAMBDA LEGAL**
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Telephone:     (213) 382-7600

NORA HUPPERT (SBN 330552)
nhuppert@lambdalegal.org
**LAMBDA LEGAL**
65 E. Wacker Place, Suite 2000
Chicago, Illinois 60601
Telephone:     (312) 663-4413

RICHARD SAENZ (*pro hac vice*
forthcoming)
rsaenz@lambdalegal.org
**LAMBDA LEGAL**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone:     (212) 809-8585

DIMITRI D. PORTNOI (SBN 282871)
dportnoi@omm.com
MICHAEL J. SIMEONE (SBN 326844)
simeone@omm.com
ELIZABETH A. ARIAS (SBN 318283)
earias@omm.com
SHIVANI I. MORRISON (SBN 342874)
smorrison@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:     (213) 430-6000

SHILPI AGARWAL (SBN 270749)
sagarwal@aclunc.org
**ACLU FOUNDATION OF
NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone:     (415) 621-2493

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)**

| | |
|---|---|
| JANINE CHANDLER, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-01657-JLT-HBK<br><br>**DECLARATION OF TREMAYNE CARROLL** |

I, Tremayne Carroll, hereby declare:

1.     I make this declaration based on my own personal knowledge, and if called to testify, I could and would do so as follows:

2.     I am 49 years old and a Black transgender woman. My pronouns are "she," "her," and "hers." I have physical disabilities and use a wheelchair to get around.

3.     I am submitting this declaration in support of a motion to intervene in this lawsuit, to explain my interest in the lawsuit and my reasons for wanting to help defeat the lawsuit.

4.     I have been in the custody of the California Department of Corrections & Rehabilitation ("CDCR") since 1999.

5.     I was sentenced to 25-years-to-life for a non-violent offense under California's "three-strikes" law. My co-defendant in that case was sentenced to probation.

6.     I spent just under 22 years incarcerated in CDCR facilities designated for men. I have been housed at Central California Women's Facility ("CCWF") since August 2021.

7.     I am a survivor of repeated sexual violence, both prior to and during my incarceration. I have reported at least 30 such incidents while incarcerated.

8.     Unfortunately, it has been my experience that reporting such incidents can lead to more violence and suffering.

9.     Previously, I was sexually assaulted by a CDCR staff person at Kern Valley State Prison. Then in 2019, I made Prison Rape Elimination Act ("PREA") reports against CDCR staff at Richard J. Donovan Correctional Facility ("RJD").

10.     At RJD, I was moved to solitary confinement in the Administrative Segregation Unit ("Ad Seg") because I had safety concerns about being housed anywhere else within that prison.

CARROLL DECLARATION
1:21-CV-01657-JLT-HBK

11. While housed in that unit, CDCR staff intentionally left me unattended, in my wheelchair, with my hands handcuffed behind my back, in my cell for more than 48 hours in retaliation for the PREA reports I made against staff.

12. Staff in Ad Seg were supposed to conduct wellness checks every 30 minutes. I called out again and again for help. While most staff ignored me, one responded "I don't want to get involved." Two separate staff responded by telling me that I should not file PREA reports. I was forced to soil myself throughout those two days until finally a sergeant found me there.

13. In February 2020, a friend of mine was killed by his cellmate at RJD. A few days before his death, my friend told me that he was having problems with his cellmate and that staff were not helping him. About four days before my friend was killed, I overheard a correctional officer ("CO") tell my friend, "Fuck or fight. Get the fuck out of my face. Leave me alone, and don't ask me about that."

14. This was not the first time I had heard a CO use the phrase "fuck or fight," in response to incarcerated people's safety concerns. I understand the phrase to mean that the CO will not assist an incarcerated person with their safety concerns, and that the incarcerated person should either submit to sexual abuse ("fuck") or attack their cellmate ("fight") in order to get moved.

15. Afterwards, I faced staff retaliation for speaking with lawyers investigating my friend's death. On April 8, 2020, I had a seizure in my cell and lost consciousness. When I regained consciousness, I had severe pain in my wrists and ankles. I was later informed by other incarcerated people that they had seen two COs stomp on my wrists and ankles while I was unconscious.

16. One of those COs, CO Doyle, later explained to me that staff were all aware of which incarcerated people were speaking to the lawyers who were investigating conditions at RJD. Around this same time, a CDCR CO opened my cell door to allow four incarcerated men in to intimidate me. They told me, "Doyle

CARROLL DECLARATION
1:21-CV-01657-JLT-HBK

don't want no problems with you, we work with her, so we need you to not make any more complaints about her."

17. During this time, the summer of 2020, staff would call for me over the loudspeaker so that everyone could hear when it was time for me to meet with my lawyers or with internal affairs regarding complaints I had filed against staff. I was being labeled a "snitch," and I was terrified for my safety. Around this same time, staff repeatedly tried to send me back to Ad Seg "for my own protection." Though I was living in great fear, I denied having safety concerns because I was even more afraid to go back to Ad Seg because of what happened to me the last time I was there.

18. These events at RJD eventually led a court to order that I be moved to Mule Creek State Prison ("MCSP") for my safety in July 2020. Unfortunately, by the time I arrived at MCSP, staff and incarcerated people there had already heard that I was being moved there because I was "a snitch," and I faced continued threats and harassment.

19. I have seen and heard a lot of misinformation and fearmongering related to SB 132—predominantly spread by CDCR employees.

20. I am a woman, and I do not belong in a men's prison. I transferred to CCWF in August 2021. I fear that if the Plaintiffs in this case succeed, I will be sent back to a men's prison and face more violence and more retaliation for speaking out.

21. I know what it feels like to live in fear and to carry the weight of past abuse by men. Because I've lived it, I can sympathize with the Plaintiffs in that regard. But I am not a threat to them. I strongly believe that everyone here at CCWF would benefit from more structured interaction—opportunities to sit and talk with each other and realize that we're all in the same boat.

CARROLL DECLARATION
1:21-CV-01657-JLT-HBK

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 14 day of April, 2022 at Chowchilla, California.

_____

Tremayne Carroll

CARROLL DECLARATION
1:21-CV-01657-JLT-HBK