ROB BONTA, State Bar No. 202668
Attorney General of California
PREETI K. BAJWA, State Bar No. 232484
Supervising Deputy Attorney General
ANTHONY N. CORSO, State Bar No. 280618
COLIN A. SHAFF, State Bar No. 300301
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6039
Fax: (916) 761-3641
E-mail: Colin.Shaff@doj.ca.gov
*Attorneys for Defendants*
*CDCR, K. Allison, M. Houston*
*and M. Pallares*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

**JANINE CHANDLER; KRYSTAL GONZALEZ; TOMIEKIA JOHNSON; NADIA ROMERO, individuals; and WOMAN II WOMAN, a California non-profit corporation,**

Plaintiff,

**v.**

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, in her official capacity; MICHAEL PALLARES, Warden, in his official capacity; MONA D. HOUSTON, Warden, in her official capacity; and DOES 1-10, inclusive,**

Defendants.

1:21-cv-01657- JLT -HBK

**NOTICE OF MOTION AND MOTION TO STRIKE DECLARATIONS ATTACHED TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

The Honorable Jennifer L. Thurston
Trial Date: None set
Action Filed: November 17, 2021

TO THE COURT, AND PLAINTIFFS, BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants will and hereby do move the Court to strike the declarations submitted in support of Plaintiff' opposition to Defendants' motion to dismiss. (*See* ECF Nos. 36-1 (Declaration of Janine Chandler); 36-2 (Declaration of Nadia Romero); 36-3 (Declaration of Colin Wright); 36-4 (Declaration of Tomiekia Johnson); 36-5 (Declaration of Sagal Sadiq); 36-6 (Declaration of Callie Burt); 36-7 (Declaration of Ayanna Green); 36-8 (Declaration of Mimi Le); 36-9 (Declaration of Amie Ishikawa); 36-10 (Declaration of Lauren Adams); 36-11 (Declaration of Michelle Norsworthy); 36-12 (Declaration of Krystal Gonzalez)) Defendants move to strike on the grounds that these declarations are unauthorized, contain irrelevant and immaterial evidence, and constitute an improper attempt to supplement a pleading through extrinsic evidence. Fed. R. Civ. P. 12(f); C.D. Cal. L.R. 7-10.

Alternatively, to the extent the Court will not strike the declarations, Defendants respectfully ask the Court to disregard the declarations and any exhibits attached thereto when evaluating Defendants' motion to dismiss the Complaint. (*See* ECF No. 15; *see also Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that a motion to dismiss must be evaluated based on the pleadings.).)

Defendants' motion is based on this notice of motion and motion; the supporting memorandum of points and authorities; the pleadings, records, and files in this case; and upon such other matters as may be properly considered by the Court.

Dated: June 10, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
PREETI K. BAJWA
Supervising Deputy Attorney General

*Anthony Corso*
ANTHONY N. CORSO
Deputy Attorney General
*Attorneys for Defendants CDCR, K. Allison, M. Houston and M. Pallares*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs, who are California inmates housed in a prison for women, allege that two California statutes, Penal Code sections 2605 and 2606, are facially unconstitutional under the federal and California constitutions, and are also unconstitutional as applied to Plaintiffs. (*See* ECF No. 1, Complaint, at 1-2, 34.)[1] Defendants moved to dismiss the Complaint on numerous grounds, including that Plaintiffs lack standing to pursue their claims; that the Court lacks subject matter jurisdiction over Plaintiff's claims; that Plaintiffs fail to state a claim for any constitutional harm; and that the requested relief would impose a constitutional injury on transgender inmates. (*See generally,* ECF No. 15-1, Memorandum in Support of Motion to Dismiss.) In opposition to Defendants' motion to dismiss, Plaintiffs cite to, and rely on, twelve declarations. (*See* ECF Nos. 36-1-36-12.) These documents include declarations from Plaintiffs (ECF Nos. 36-1, 36-2, 36-3, 36-12); current and former California inmates (ECF Nos. 36-6, 36-7, 36-8, 36-9, 36-11); putative experts (ECF Nos. 36-4, 36-5); and counsel for Plaintiffs. (ECF No. 36-10.)

The declarations produced by Plaintiffs are immaterial to the Court's evaluation of Defendants' motion to dismiss the Complaint, and must therefore be stricken from the matter. In the alternative, to the extent that the Court is not inclined to formally strike the declarations and any associated arguments in opposition to Defendants' motion to dismiss, the Court may not consider the declarations when evaluating Defendants' motion.

### I. PLAINTIFFS' EXTRINSIC EVIDENCE, WHICH CONSISTS OF MULTIPLE DECLARATIONS, CANNOT BE CONSIDERED WHEN EVALUATING DEFENDANTS' MOTION TO DISMISS, AND SHOULD BE STRICKEN FROM THE ACTION.

In considering a motion under Federal Rule of Civil Procedure 12(b), a court may properly consider only the allegations in the operative pleading, documents attached thereto, and such matters as are properly subject to judicial notice or are otherwise incorporated by reference in the pleading; should extrinsic evidence outside of these categories be considered, the motion to dismiss must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *U.S. v.*

[1] Defendants' citations refer to the Court's CM/ECF pagination.

*Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). With limited exceptions,[2] documents that are not part of a pleading cannot be considered in support or in opposition to a motion to dismiss, since the allegations in a pleading do not require factual support. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that the facts alleged in a complaint are "taken as true," and that factual challenges to a complaint "have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).") The prohibition on consideration of extrinsic evidence applies to both the testimony of a party or a witness, and to the testimony of an alleged expert. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that "new" factual allegations made in opposition to a motion to dismiss "are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1146 (C.D. Cal. 2015) (declining to consider an expert report proffered in opposition to a motion for judgment on the pleadings and motion to dismiss.) When redundant or immaterial evidence is presented in a pleading or in a declaration attached to a brief, the offending materials may be stricken from the action. *See* Fed. R. Civ. P. 12(f); *see also City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1060 (striking a declaration submitted in support of an opposition to a motion to dismiss); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 n. 48 (C.D. Cal. 2015) (discussing the circumstances in which a declaration may be considered in relation to a motion to dismiss, and citing cases in which declarations containing extrinsic evidence were stricken from a matter).

None of the declarations that Plaintiffs submit in support of their opposition to Defendants' motion to dismiss were attached to the pleading, nor were the declarations incorporated by

[2] Extrinsic evidence may be considered in response to a factual attack on standing. Although extrinsic evidence can be considered when evaluating a factual attack on standing. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Although Plaintiffs address standing in their opposition, they do not rely on any of their declarations to establish their factual standing to sue. (*See* ECF No. 36 at 10-13.) Instead, Plaintiffs cite the declarations to establish new facts relating to their interpretation of "gender identity," or to establish that a violent act occurred in prison. (*Id.* at 2-8.)

reference in the Complaint and as such, the declarations and any associated exhibits constitute extrinsic evidence. *See Ritchie*, 342 F.3d at 908-09. Accordingly, these documents cannot be considered by the Court in ruling on Defendants' motion to dismiss, and the facts described in the declarations are irrelevant to the Court's determination as to whether the Complaint states any claim for relief. *See City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1060; *Lee*, 250 F.3d at 688. For this reason, the declarations proffered by Plaintiffs' in opposition to Defendants' motion to dismiss should be stricken from the action, and the new facts described therein should be disregarded by the Court. *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1060; *Schneider*, 151 F.3d at 1197.

**CONCLUSION**

Plaintiffs seek injunctive and declaratory relief relating to the facial and as-applied constitutionality of Penal Code sections 2605 and 2606. None of the twelve declarations that were presented to provide evidentiary support for Plaintiff's opposition are relevant to the legal questions that are before the Court. The declarations proffered by Plaintiffs cannot be considered by the Court in evaluating Defendants' motion to dismiss, and the declarations should be stricken on the basis that they are wholly irrelevant to the legal arguments made by the parties. In the alternative, if the declarations are not struck from the action, the Court should disregard the claims and statements proffered in the declarations, on the basis that such extrinsic evidence cannot be considered in its evaluation of a motion under 12(b)(6).

Dated: June 10, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
PREETI K. BAJWA
Supervising Deputy Attorney General

*/s/ Anthony Corso*
ANTHONY N. CORSO
Deputy Attorney General
*Attorneys for Defendants*
*CDCR, K. Allison, M. Houston*
*and M. Pallares*

SA2021402445/43259232.docx

# CERTIFICATE OF SERVICE

Case Name: ***Chandler et al. v. CDCR et al.*** No. **1:21-cv-01657-JLT-HBK**

I hereby certify that on June 10, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO STRIKE DECLARATIONS ATTACHED TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 10, 2022, at San Francisco, California.

| H. Su | */s/ H. Su* |
|---|---|
| Declarant | Signature |

SA2021402445
43259450.docx