1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  PREETI K. BAJWA, State Bar No. 232484
   Supervising Deputy Attorney General
3  ANTHONY N. CORSO, State Bar No. 280618
   COLIN A. SHAFF, State Bar No. 30031
4  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA 94102-7004
    Telephone: (415) 510-4429
6   Fax: (415) 703-5843
    E-mail: Anthony.Corso@doj.ca.gov
7  *Attorneys for Defendants*
   *CDCR, K. Allison, M. Houston*
8  *and M. Pallares*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JANINE CHANDLER; KRYSTAL**<br><br>**JANINE CHANDLER; KRYSTAL GONZALEZ; TOMIEKIA JOHNSON; NADIA ROMERO;**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, in her official capacity; MICHAEL PALLARES, Warden, in his official capacity; MONA D. HOUSTON, Warden, in her official capacity; and DOES 1-10, inclusive,**<br><br>Defendants. | 1:21-cv-01657- JLT -HBK<br><br>**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS (ECF No. 36)**<br><br>Judge:   The Honorable Jennifer L. Thurston<br>Trial Date:   None set<br>Action Filed:   November 17, 2021 |

**TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 1

    I.    Plaintiffs' Abandonment of Multiple Issues Supports Dismissal. ........................ 1

    II.    Plaintiffs Cannot Demonstrate Standing. ............................................................. 2

    III.    Plaintiffs' Fail to State An Eighth Amendment Claim. ....................................... 2

        A.    Plaintiffs Fail to Demonstrate That S.B. 132 Is Inconsistent With the Eighth Amendment ................................................................................ 2

        B.    Plaintiffs Misconstrue the Prison Rape Elimination Act In An Unsuccessful Attempt to Revive Their Claims. ........................................ 3

            1.    PREA Is Irrelevant to Plaintiffs' Constitutional Challenge to S.B. 132. ............................................................................................ 4

            2.    PREA Has No Private Right of Enforcement. ............................... 4

            3.    Defendants' Implementation of S.B. 132 Complies With PREA ............................................................................................... 5

    IV.    Plaintiffs Fail to State a First Amendment Claim. ............................................... 5

        A.    Plaintiff's First Amendment Free Expression Arguments Rely on Speculation and Fail to Address the Relevant Standards ........................... 5

        B.    Plaintiffs Provide No Factual or Legal Authority That Supports Concluding Transgender Identity Is a Religion. ........................................ 6

        C.    Plaintiffs Do Not Identify Any Free Exercise Restrictions ......................... 7

    V.    Plaintiffs Present a Baseless Equal Protection Claim That Misstates the Relevant Legal Standard ..................................................................................... 8

    VI.    Plaintiffs Inappropriately Introduce Extrinsic Evidence at the Motion to Dismiss Stage, Which Demonstrates the Futility of Amendment ........................... 9

    VII.    The Dispute Regarding the Scope of CDCR's Authority Under S.B. 132 Demonstrates the Need For Abstention At This Time............................................ 9

Conclusion .......................................................................................................................... 10

i

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Legion v. Am. Humanist Ass'n*
   139 S. Ct. 2067 (2019) ............................................................................................................ 7

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................................................ 5

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................................................ 6

*Bradley v. Hall*
   64 F.3d 1276 (9th Cir. 1995) ................................................................................................... 6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*
   880 F. Supp. 2d 1045 (N.D. Cal. 2012) .................................................................................. 2

*Clapper v. Amnesty Int'l USA*
   568 U.S. 398 (2013) ................................................................................................................ 2

*Cox v. Nobles*
   15 F.4th 1350 (U.S. 11th Cir. 2021) ........................................................................................ 4

*Crowder v. Diaz*
   No.2:17-CV-1657-TLN-DMC, 2019 U.S. Dist. LEXIS 140306 (E.D. Cal. Aug. 16, 2019.) ................................................................................................................................. 4

*Farmer v. Brennan*
   511 U.S. 825 (1994) ................................................................................................................ 4

*for Priv. v. Barr*
   949 F.3d 1210 (9th Cir.) .......................................................................................................... 8

*Ford v. Ramirez-Palmer (Estate of Ford)*
   301 F.3d 1043 (9th Cir. 2002) ................................................................................................. 3

*Grayson v. Rison*
   945 F.2d 1064 (9th Cir. 1991) ................................................................................................. 3

*Harris v. McRae*
   448 U.S. 297 (1980) ................................................................................................................ 7

*Jenkins v. Cnty. of Riverside*
   398 F.3d 1093 (9th Cir. 2005) ................................................................................................. 1

ii

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

**TABLE OF AUTHORITIES**
(continued)

Page

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) .................................................................................................. 2, 8

*Lemire v. California Dep't of Corr. & Rehab.*
   726 F.3d 1062 (9th Cir. 2013) .................................................................................................... 2

*McGowan v. Maryland*
   366 U.S. 420 (1961) .................................................................................................................. 7

*Miss. Univ. for Women v. Hogan*
   458 U.S. 718 (1982) .................................................................................................................. 8

*Nelsen v. King County*
   895 F.2d 1248 (9th Cir. 1990) .................................................................................................... 2

*Peralta v. United States*
   No. CV 19-08912-CJC(MRWx), 2020 U.S. Dist. LEXIS 263101 (C.D. Cal.
   Oct. 23, 2020) ............................................................................................................................ 4

*Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*
   180 F. Supp. 3d 683 (S.D. Cal. 2016) ........................................................................................ 1

*Railroad Commission v. Pullman Co.*
   312 U.S. 496 (1941) ................................................................................................................ 10

*Reed v. Racklin*
   No. 2:17-cv-00799 AC P, 2017 U.S. Dist. LEXIS 90090 (E.D. Cal. June 9,
   2017) .......................................................................................................................................... 4

*Regents of Univ. of Cal. v. Bakke*
   438 U.S. 265 (1978) .................................................................................................................. 4

*Safe Air For Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004) .................................................................................................... 9

*Shooter v. Arizona*
   4 F.4th 955 (U.S. 9th Cir. 2021) ................................................................................................ 8

*Strizich v. Batista*
   18-36008, 2022 WL 823587 (9th Cir. 2022) ........................................................................... 10

*U.S. v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ...................................................................................................... 9

*Van Buskirk v. CNN*
   284 F.3d 977 (9th Cir. 2002) ...................................................................................................... 9

iii

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

# TABLE OF AUTHORITIES
(continued)

**Page**

*Vazquez v. Cnty. of Kern*
   No. 1:16-cv-1469 - JLT, 2017 U.S. Dist. LEXIS 207727 (E.D. Cal. Dec. 14,
   2017) .................................................................................................................. 4

*Wilbur v. Locke*
   423 F.3d 1101 (9th Cir. 2005) ............................................................................ 2

**STATUTES**

United States Code, Title 34
   § 30304 ............................................................................................................... 5
   § 30305 ............................................................................................................... 5

Cal. Penal Code
   § 2605(b) ............................................................................................................ 7
   § 2605(d) ............................................................................................................ 6
   § 2606(a)(3) ........................................................................................................ 5
   § 2606(a)(4) ........................................................................................................ 5
   § 2606(b) ............................................................................................................ 5

Prison Rape Elimination Act ............................................................................ 3, 4, 5

**CONSTITUTIONAL PROVISIONS**

First Amendment .................................................................................................. 5, 6

Eighth Amendment ........................................................................................ *passim*

Eleventh Amendment ............................................................................................... 1

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 12(d) .......................................................................................................... 9

iv

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

# INTRODUCTION

Plaintiffs' vague allegations and cursory discussion of the relevant legal standards – where discussed at all – fail to support the claims made in the Complaint. The Plaintiffs' opposition relies upon inadmissible evidence to raise the speculative and exaggerated specter of danger posed by transgender individuals. The Plaintiffs abandon many of their claims, provide no significant legal argument in support of those claims that remain, and demonstrate their inability to lay out sufficient facts that support their claims by submitting declarations that are irrelevant, inadmissible, and hearsay. Plaintiffs' blatant attempt to raise constitutional claims against a minority group based on nothing more than unfounded fear must be dismissed.

# ARGUMENT

## I. PLAINTIFFS' ABANDONMENT OF MULTIPLE ISSUES SUPPORTS DISMISSAL.

When a plaintiff defends only a portion of their claims from dismissal, "a court may infer that the plaintiff has abandoned the un-defended claims, and has conceded that the claims may be dismissed." *See Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 696 n.12 (S.D. Cal. 2016); *see also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that a party abandoned claims not defended in opposition to a motion for summary judgment). Defendants moved for dismissal of the individual Defendants (ECF No. 15-1 at 16) and demonstrated the Eleventh Amendment bars this court from hearing the California Constitutional claims. (*Id*. at 12.) In their opposition, Plaintiffs address only the U.S. Constitution and do not address the dismissal of the individual Defendants nor the California constitutional claims. (ECF No. 36.) Indeed, Plaintiffs now describe their lawsuit as "present[ing] the question of whether Defendants' enforcement of S.B. 132 subjects Plaintiffs to sex based harms under the *Eighth Amendment* and the *Equal Protection clause* violations on the basis of sex." (ECF No. 35, Oppn. at 2 (emphasis added).) Because Plaintiffs have abandoned their claims that S.B. 132 violates the California Constitution, and that the individual Defendants, K. Allison, M. Houston, and M. Pallares, are liable, the Court should dismiss the individual Defendants, and claims five through nine, without leave to amend.

1

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

## II.  PLAINTIFFS CANNOT DEMONSTRATE STANDING.

Plaintiffs are required to demonstrate that they have standing to pursue the claims alleged in the pleading. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). A party cannot establish standing by relying on "events that unfolded after the filing of the complaint." *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005) *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). Plaintiffs cannot substantiate their individual standing based upon speculative injuries, or by reference to events alleged to have occurred to other people. *Nelsen v. King County*, 895 F.2d 1248, 1252 (9th Cir. 1990).

Plaintiffs' cite to a "May 2022" incident to suggest that S.B. 132 is unconstitutional. (*See* ECF No. 36 at 6-7.) Plaintiffs do not allege that they themselves were harmed during this incident and do not explain how the alleged incident demonstrates their standing to bring suit in November 2021. (*See id.*) Accordingly, Plaintiffs' description of the "May 2022" incident is not relevant here and does not demonstrate standing.[1] (*See id.* at 10-11.)

## III.  PLAINTIFFS' FAIL TO STATE AN EIGHTH AMENDMENT CLAIM.

### A.  Plaintiffs Fail to Demonstrate That S.B. 132 Is Inconsistent With the Eighth Amendment

Plaintiffs allege that S.B. 132 is inconsistent with the Eighth Amendment. (*See* ECF No. 1 at 34.) To establish this claim, Plaintiffs must allege the implementation of S.B. 132 constituted "a serious risk of harm," and that policy-makers were aware of this risk. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013). Plaintiffs fail to allege facts sufficient to establish this claim.

Plaintiff's counsel asserts her own speculative testimony about the dangers posed by transgender inmates suffices (ECF No. 36 at 14:1-4) while Plaintiffs make vague claims about

---

[1] Plaintiffs have alleged new facts in their declarations. (*see e.g.*, ECF No. 36 at 5:23-28.) Such facts were not included in the Complaint nor incorporated by reference in that pleading, so cannot be considered by the Court in evaluating Defendants' Motion to Dismiss. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the declarations demonstrate that the Plaintiffs rely upon rumors, innuendo, and events that are outside the personal knowledge of the declarants. Such statements do not supplement, alter, amend, or substantiate Plaintiffs' claims.

2

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

"biological realities, sociological evidence, and common sense" about "housing men with functioning penises, with women" that allegedly increase the risks of sexual assault. (ECF No. 36 at 14:1-4, 14:17-21.) An Eighth Amendment claim based on a housing decision suffices to state a claim only if "the risk of harm" from the decision to house an inmate with other inmates "changes from being a risk of some harm to a substantial risk of serious harm." *Ford v. Ramirez-Palmer (Estate of Ford)*, 301 F.3d 1043, 1051 (9th Cir. 2002); *see also Grayson v. Rison*, 945 F.2d 1064 (9th Cir. 1991) (constitution imposes few restrictions on legitimate administrative authority in housing decisions). Plaintiffs do not allege that the policymakers who implemented S.B. 132 were aware that Plaintiffs were at an increased risk of harm, nor that all inmates would be exposed to serious risks due to the passage of S.B. 132. (*See id.*) Such "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm" and do not suffice to state a cognizable Eighth Amendment claim. (ECF No. 15-1 at 17-18, quoting *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007))

In addition, Plaintiffs' extrinsic evidence does not save this claim. After all, Plaintiffs do not dispute that Defendants' reasonable efforts to ensure the safe implementation of S.B. 132 defeats the Eighth Amendment claim because "a prison official who 'knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" (ECF No. 15-1 at 18:16-18, *quoting Farmer*, 511 U.S. at 844.) As Plaintiffs admit in their Complaint, Defendants continue to make significant and ongoing efforts to ensure the safe implementation of S.B. 132. (See ECF No. 1 at 21:13-17, ECF No. 15-1 at 18-19.) The Plaintiffs' prior admissions therefore defeat their Eighth Amendment claim.

### B. Plaintiffs Misconstrue the Prison Rape Elimination Act In An Unsuccessful Attempt to Revive Their Claims.

The Prison Rape Elimination Act (PREA) provides federal guidance on standards prisons apply to reduce the risk and incidence of sexual assaults. PREA is a federally administered standard that does not provide a private cause of action or mandate any standards, and it has no bearing on the constitutionality of S.B. 132. And in any event, Defendants' implementation of S.B. 132 is consistent with PREA.

3

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

### 1. PREA Is Irrelevant to Plaintiffs' Constitutional Challenge to S.B. 132.

PREA represents federal guidance for the prevention of sexual assault, but "PREA does not prescribe a specific, mandatory course of action for agencies regarding protection of inmates." *Peralta v. United States*, No. CV 19-08912-CJC(MRWx), 2020 U.S. Dist. LEXIS 263101, at *7 (C.D. Cal. Oct. 23, 2020). "PREA is a federal law and does not mandate compliance from state prisons. . . . Indeed, compliance with PREA is enforced through a grant incentive. . . . To the extent states elect to forego the incentives, PREA is advisory and not mandatory." *Crowder v. Diaz*, No.2:17-CV-1657-TLN-DMC, 2019 U.S. Dist. LEXIS 140306, at *22 (E.D. Cal. Aug. 16, 2019.) Other Circuits have confirmed there is "no authority to support the proposition that a litigant can circumvent long-established Eighth Amendment jurisprudence by alleging a violation of the PREA in a conclusory fashion." *Cox v. Nobles*, 15 F.4th 1350, 1361-62 (U.S. 11th Cir. 2021).. This conclusion is obvious because PREA suggests procedures for limiting the risk of and investigating incidents of sexual assault in prisons. The Eighth Amendment, by contrast, requires prison administrators to show deliberate indifference to a serious risk of harm. ; *Farmer v. Brennan*, 511 U.S. 825, 834, 845-46 (1994).

### 2. PREA Has No Private Right of Enforcement.

On numerous occasions, this Court has held that PREA does not provide a private cause of action. See e.g., *Vazquez v. Cnty. of Kern*, No. 1:16-cv-1469 - JLT, 2017 U.S. Dist. LEXIS 207727, at *11 (E.D. Cal. Dec. 14, 2017); *Reed v. Racklin*, No. 2:17-cv-00799 AC P, 2017 U.S. Dist. LEXIS 90090, at *5-6 (E.D. Cal. June 9, 2017). As the Supreme Court stated in relation to another Act of Congress, "[t]here is no express provision for private actions to enforce Title VI, and it would be quite incredible if Congress, after so carefully attending to the matter of private actions in other Titles of the Act, intended silently to create a private cause of action to enforce Title VI." *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 381 (1978). So too, here, PREA contains no express provision for private actions, Congress did not silently create a private cause of action when it adopted PREA, and to find otherwise "would be quite incredible." *Id. See also*

4

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

34 U.S.C. §§ 30304 & 30305 (placing PREA prosecutions in the hands of the federal DOJ and States, not individuals).

### 3. Defendants' Implementation of S.B. 132 Complies With PREA

Plaintiffs' arguments establish that PREA and S.B. 132, in fact, do not conflict. Plaintiffs correctly state PREA standards suggest prison administrators take into consideration an individual's gender identity, feelings of safety, and the risk that individual poses to management and safety. (ECF No. 36. at 9:7-13.) These are identical to the factors S.B. 132 requires CDCR take into consideration when evaluating housing requests. *See* Cal. Pen. § 2606(a)(3), (a)(4), and (b). The language that Plaintiffs assert is the most significant – that housing determinations may not be denied based upon "a factor present among other people incarcerated at the preferred type of facility" – does not alter the clear reservation of the state's ability to complete management of security evaluations. (Cal. Penal Code § 2606(b); *see also* Defs.' Oppo. To Inter., ECF No. 35 at 11-12.) Defendants' interpretation of S.B. 132 complies with PREA.

## IV. PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT CLAIM.

The Plaintiffs continue to fail to allege any facts supporting their First Amendment claims. Absent some allegation of any actual government action infringing any of Plaintiffs' First Amendment rights, dismissal is appropriate.

### A. Plaintiff's First Amendment Free Expression Arguments Rely on Speculation and Fail to Address the Relevant Standards

Plaintiffs base their First Amendment free expression argument on two flawed premises. First, Plaintiff Johnson asserts her "understanding" that she is obligated to use other inmates' pronouns without any allegation either that the law so requires or of actual enforcement by CDCR. Second, Plaintiffs demonstrate a complete lack of understanding of the purpose, scope, and constitutional limits of the prison grievance process. Neither of these arguments support the Plaintiffs' free expression claims.

Plaintiff's free expression allegations do not plead "factual content that allows the court to draw the reasonable inference *that the Defendant is liable* for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Plaintiff Johnson asserts it is her

5

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

"understanding that because of my work for CDCR as an inmate, that I fall under S.B. 132's requirement to use so-called 'preferred pronouns.'" (ECF No. 36 at 16:23-25.) Johnson does not allege any CDCR actions led to this "understanding." The clear language of the statute does not apply to inmates, limits the obligation to "staff, contractors, and volunteers of the department," and does not impose any penalties for the failure to comply. (Cal. Pen. § 2605(d); *see also* ECF No. 15-1, Section VI.C.1). Plaintiffs' allegations serve only as a "formulaic recitation of the elements of the cause of action," which must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The First Amendment requires only that inmates have access to the grievance process and that prison officials not interfere with the grievance process. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *see also Ross*, 578 U.S. at 644 (prison administrators must not "thwart inmates from taking advantage of the grievance process"). Refusing to repeat Plaintiffs' misgendering is not a denial of Plaintiffs' First Amendment right to redressability "akin to not acknowledging the grievance at all, denying her complaint under false pretenses." (ECF No. 36. at 17:10-25.) Plaintiffs admit they freely file grievances and that prison administrators have responded. (ECF No. 1 at 17-18; ECF No. 36 at 17.) Defendants have therefore met their First Amendment obligations.

**B. Plaintiffs Provide No Factual or Legal Authority That Supports Concluding Transgender Identity Is a Religion.**

Plaintiffs' arguments and allegations regarding transgender identity being a religion are devoid of any factual basis and are entirely removed from and omit discussion of the relevant legal standard. Defendants provided the relevant legal standard on establishment in the motion to dismiss. *See* ECF No. 15-1 at 21. Plaintiffs respond with a four-and-a-half-page screed dedicated almost entirely to the Plaintiffs' legally irrelevant beliefs about the religious or spiritual nature of transgender identity. (ECF No. 36 at 18-22.) The Ninth Circuit has accepted transgender identity as a medical and scientific fact. (*See* discussion in ECF No. 15-1 at 21.) Plaintiffs present no legal authority at all that recognizing the existence and rights of transgender individuals establishes a religion. *See* ECF No. 36 at 18-22.

6

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

Even assuming there is some religion that relates to the existence of transgender individuals, the relevant inquiry in an establishment analysis is not on the Plaintiffs' beliefs, but instead on the purpose and history of the law itself. *See McGowan v. Maryland*, 366 U.S. 420, 431 (1961). In *McGowan*, despite the Court recognizing Sunday closing laws were originally religiously motivated, the modern version of the laws and their justifications were constitutional because of their "emphasis upon secular considerations." *McGowan*, 366 U.S. at 444. A law is not unconstitutional because it "happens to coincide or harmonize with the tenets of some or all religions." *Harris v. McRae*, 448 U.S. 297, 319 (1980). The passing reference in the definition of "transgender" as including "two-spirit, and māhū" is an insufficient basis to conclude the purpose of the law is religious in nature. Instead, the Plaintiffs must allege facts addressing whether the law "has a secular legislative purpose, if its principal or primary effect neither advances nor inhibits religion, and if it does not foster a necessary government entanglement with religion." *Harris*, 448 U.S. at 319.[2] As Defendants have demonstrated, S.B. 132 has a secular purpose, advances no religious beliefs, and does not entangle the state with religion at all. (See ECF No. 15-1 at 22.) Plaintiffs do not allege any facts on these issues. Plaintiffs' failure to allege sufficient facts or attempt to address the legal issues supports dismissal.

### C.     Plaintiffs Do Not Identify Any Free Exercise Restrictions

In their opposition, neither Plaintiff Romero nor Chandler identifies any manner in which S.B. 132 imposes any obligation on their faith. Both plaintiffs are free to continue in their personal beliefs regarding gender identity. Although Chandler asserts her faith does not allow her to be "housed with men who [are] not in my immediate family," (ECF No. 22:19-22.), she does not assert she has actually been required to be housed with any transgender inmate. This is consistent with Plaintiffs' prior allegations in the complaint (ECF No. 1 at 23:9-17) and was

---

[2] Defendants believe the *Lemon* test is appropriate rather than applying the Supreme Court's holding in *Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067 (2019). *Am. Legion* specifically limits its analysis to cases involving "longstanding monuments, symbols, and practices." *Id*. at 2082. Even if Plaintiffs' complaint is analyzed under this test, the outcome is the same. The law must have some "coercive effect" that threatens "financial support by force of law and threat of penalty" to constitute the establishment of religion. *Id*. at 2096. S.B. 132 does neither of these and permits all inmates to refuse to provide information about their own gender without any fear of reprisal. *See* Cal. Pen. § 2605(b).

7

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

addressed in Defendants' Motion to Dismiss. (*See* ECF No. 15-1 at 8:13-26.) Plaintiffs' claims are therefore based solely upon speculation about potential future circumstances and cannot serve as the basis for a free exercise claim.

Plaintiffs attempt to defend their free exercise claim by arguing S.B. 132 serves no legitimate correctional goals. In the process, however, Plaintiffs admit S.B. 132 is intended to ensure transgender inmates are safe in prison. (ECF No. 36 at 23:7-10.) Thus, Plaintiffs admit S.B. 132 serves the important correctional goal of reducing sexual violence against transgender inmates. This is the purpose the Legislature intended S.B. 132 to address. (ECF No. 36 at 23:3-6; *see also* ECF No. 15-1 at 20-21.) There is little question, and the Ninth Circuit has affirmed, that "preventing sexual assaults is … a legitimate prison objective." *Teamsters Local Union No. 117*, 789 F.3d at 990. While Plaintiffs reveal their ultimate goal is a different policy outcome than what the Legislature chose, (ECF No. 36 at 23:8-9, proposing housing transgender inmates in a separate facility), a policy is not unconstitutional because it is not Plaintiffs' policy preference. Dismissal is appropriate because the Legislature enacted S.B. 132 for a legitimate correctional purpose.

### V. PLAINTIFFS PRESENT A BASELESS EQUAL PROTECTION CLAIM THAT MISSTATES THE RELEVANT LEGAL STANDARD

Inmates raising an Equal Protection claim must allege "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (U.S. 9th Cir. 2021) (internal quotes removed.) When a law is facially neutral, "disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001). S.B. 132 is facially neutral, non-discriminatory in its intent and impacts all inmates. *See* Parents *for Priv. v. Barr*, 949 F.3d 1210 (9th Cir.) (analogous statute found facially neutral.) Plaintiffs' Equal Protection claim relies upon the assertion that S.B. 132 only impacts women and that "discrepancy of the statute's impact on only one sex (females) raises an Equal Protection Clause challenge." (ECF No. 36 at 15:13-14.) Plaintiffs cite to legal authority that rejects this interpretation. (*See Miss. Univ. for Women v.*

8

*Hogan*, 458 U.S. 718, 723, (1982), law in question there "expressly discriminate[d] among applicants on the basis of gender.") Plaintiffs' only allegation in support of their incorrect legal theory is the false allegation that CDCR is "refusing to house any female inmates in men's facilities . . . ." (*Id*. at 15:18-19.) CDCR is currently evaluating the ten requests for transfer to mens' facilities under S.B. 132. (RJN, Exh. S, available at: https://www.cdcr.ca.gov/prea/sb-132-faqs/) Dismissal of the Equal Protection Claims is appropriate because S.B. 132 is facially neutral law that applies to all inmates.

VI. **PLAINTIFFS INAPPROPRIATELY INTRODUCE EXTRINSIC EVIDENCE AT THE MOTION TO DISMISS STAGE, WHICH DEMONSTRATES THE FUTILITY OF AMENDMENT.**

The Court evaluates motions to dismiss based only upon the pleadings, extrinsic evidence attached to the complaint, documents incorporated by reference to the complaint, or matters of judicial notice. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Matters not included in the Complaint cannot be considered in an opposition brief. *See* Fed. R. Civ. P. 12(d); *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Although the Court can consider extrinsic evidence when evaluating factual attacks on standing, *see Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), Plaintiffs' declarations do not relate to their standing to file suit and Plaintiffs do not cite to their declarations on the only factual question of standing. (*See* ECF No. 35, section II.D.) For these reasons, the factual allegations and supporting declarations presented by Plaintiffs in their Opposition must be disregarded.[3] Further, even taking into consideration the allegations in the declarations, Plaintiffs are unable to present any coherent legal defense to their claim. Plaintiffs instead attempt to support their claims by referencing irrelevant declarations from inmate witnesses and putative "experts." Based upon Plaintiffs' failure to allege sufficient facts in the Complaint or Opposition that would suffice to state a claim, the Court can conclude that dismissal with prejudice is appropriate.

VII. **THE DISPUTE REGARDING THE SCOPE OF CDCR'S AUTHORITY UNDER S.B. 132 DEMONSTRATES THE NEED FOR ABSTENTION AT THIS TIME.**

The Court should permit California state courts to determine the scope of S.B. 132 before federal courts proceed to evaluate the merits of Plaintiffs' claims. Defendants have previously

---

[3] Defendants have separately moved to strike these declarations. (ECF No. 38.)

9

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

recommended the Court defer hearing the questions raised in this matter until California courts address the dispute over the interpretation of S.B. 132. (*see* ECF No. 15-1 at 13, discussing *Railroad Commission v. Pullman Co.* 312 U.S. 496 (1941).) The proposed intervenors have made clear they disagree with Defendants' interpretation of S.B. 132. (ECF No. 19-1.) The Plaintiffs similarly assert "CDCR is legally precluded from risk screening for sexual abusiveness *toward women*." (ECF No. 36 at 10:24-25, emphasis in original.) Defendants contend these assertions are contrary to S.B. 132's plain text. The law imposes limits on CDCR's authority, but leaves in place the authority reserved to prison officials under the Eighth Amendment to complete management and safety evaluations. (*See* ECF No. 35 at 11:27-28; *See Strizich v. Batista*, 18-36008, 2022 WL 823587, at *1 (9th Cir. 2022).) CDCR continues to evaluate the best manner of implementation of S.B. 132 while completing individualized evaluations of all housing requests made under S.B. 132. *See* Request for Judicial Notice (RJN), Exh. S, available at https://www.cdcr.ca.gov/prea/sb-132-faqs/) As discussed in the motion to dismiss, California courts are uniquely situated to "rewrite" any deficiencies in California statutes. (ECF No. 15-1 at 13-14.) The Court should abstain from hearing the federal constitutional issues at this time because the issues raised in the Complaint may be rendered moot by California courts.

## CONCLUSION

Plaintiffs cannot state a claim under any of their legal theories and demonstrate by their submission of inappropriate evidence that no additional information can be provided that will support their claims. On that basis, Defendants request dismissal with prejudice.

Dated: June 10, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
PREETI K. BAJWA
Supervising Deputy Attorney General

*/s/ Anthony Corso*
ANTHONY N. CORSO
Deputy Attorney General
*Attorneys for Defendants
Houston, Pallares and, CDCR*

SA2021402445
43259390.docx

10

Defs.'s Reply to Oppo. To Motion to Dismiss (1:21-cv-01657- JLT-HBK)

# CERTIFICATE OF SERVICE

Case Name:   *Chandler et al. v. CDCR et al.*        No.    **1:21-cv-01657-JLT-HBK**

I hereby certify that on June 10, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS (ECF No. 36)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 10, 2022, at San Francisco, California.

| H. Su | */s/ H. Su* |
|---|---|
| Declarant | Signature |

SA2021402445
43259397.docx