| | |
|---|---|
| SHAWN MEERKAMPER (SBN 296964) <br> shawn@transgenderlawcenter.org <br> **TRANSGENDER LAW CENTER** <br> P.O. Box 70976 <br> Oakland, California 94612 <br> Telephone:   (510) 587-9696 | RICHARD SAENZ *(pro hac vice)* <br> rsaenz@lambdalegal.org <br> **LAMBDA LEGAL** <br> 120 Wall Street, 19th Floor <br> New York, New York 10005 <br> Telephone:   (212) 809-8585 |
| AMANDA C. GOAD (SBN 297131) <br> agoad@aclusocal.org <br> **ACLU FOUNDATION OF SOUTHERN CALIFORNIA** <br> 1313 W. 8th Street, Suite 200 <br> Los Angeles, California 90017 <br> Telephone:   (213) 977-9500 | DIMITRI D. PORTNOI (SBN 282871) <br> dportnoi@omm.com <br> MICHAEL J. SIMEONE (SBN 326844) <br> msimeone@omm.com <br> ELIZABETH A. ARIAS (SBN 318283) <br> earias@omm.com <br> SHIVANI I. MORRISON (SBN 342874) <br> smorrison@omm.com |
| CHRISTINA S. PAEK (SBN 341994) <br> cpaek@lambdalegal.org <br> **LAMBDA LEGAL** <br> 4221 Wilshire Boulevard, Suite 280 <br> Los Angeles, California 90010 <br> Telephone:   (213) 382-7600 | **O'MELVENY & MYERS LLP** <br> 400 South Hope Street, 18th Floor <br> Los Angeles, California 90071 <br> Telephone:   (213) 430-6000 |
| NORA HUPPERT (SBN 330552) <br> nhuppert@lambdalegal.org <br> **LAMBDA LEGAL** <br> 65 E. Wacker Place, Suite 2000 <br> Chicago, Illinois 60601 <br> Telephone:   (312) 663-4413 | SHILPI AGARWAL (SBN 270749) <br> sagarwal@aclunc.org <br> **ACLU FOUNDATION OF NORTHERN CALIFORNIA** <br> 39 Drumm Street <br> San Francisco, California 94111 <br> Telephone: (415) 621-2493 |

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JANINE CHANDLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | Case No. 1:21-cv-01657-JLT-HBK <br><br> **PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE** <br><br><br> Judge:   Hon. Jennifer L. Thurston <br> Courtroom:   4, 7th Floor |

TO THE COURT, AND THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Proposed Intervenors will and hereby do move the Court for leave to file a Supplemental Reply in Support of Defendants' Motion to Strike, Dkt. No. 38, pursuant to Local Rules 137(c) and 230(m).  Proposed Intervenors make this request for the narrow purpose of submitting a declaration that counsel for Proposed Intervenors obtained on June 29, 2022 made by Asia Davis, the "A.D" alleged in Plaintiffs' briefs and declarations to have been assaulted by a transgender woman. The declaration shows that Plaintiffs' rumors and accusations of a "May 2022 Alleged Rape" are entirely false.  Dkt. No. 36 at 6.  *See* Huppert Decl.

As explained in the attached declaration, good cause exists to grant this request.  *See* Huppert Decl.  Proposed Intervenors did not plan to file any Reply in Support of Defendants' Motion to Strike until this declaration, which they received on June 29, came to light.  Huppert Decl. ¶7.  The declaration was not available to Proposed Intervenors until that date, and Proposed Intervenors' counsel transmitted the declaration to counsel for Plaintiffs and Defendants less than 24 hours after obtaining it.  Huppert Decl. ¶6, 8.  Thus, the inability to file the declaration before the reply deadline on Defendants' Motion to Strike was due to intervening circumstances beyond the Proposed Intervenors' control, and counsel acted promptly to inform the parties of the existence of conclusive evidence demonstrating that the "May 2022 Alleged Rape" simply did not happen.

Because Proposed Intervenors' counsel transmitted the declaration to the parties the very next day after they obtained it, and because this request is made only eight days after the original reply deadline, there is little risk of prejudice to Plaintiffs.[1]  Plaintiffs themselves did not explicitly request that this Court look at their far-ranging extrinsic evidence and decide the Motions to Dismiss and Strike under a Rule 56 standard until their second Opposition brief on

---

[1] It is within the Court's discretion to consider a declaration submitted with a Reply where it is a "reasonable response" to the opposition. *United States ex rel. Doe v. Biotronik, Inc.,* No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489, at *3 (E.D. Cal. Oct. 23, 2015), *aff'd in part, appeal dismissed in part on other grounds sub nom. United States ex rel. Sant v. Biotronik, Inc.,* 716 F. App'x 590 (9th Cir. 2017).

1  June 16, Dkt. No. 41.  Plaintiffs' declarations continue to be inadmissible and improper for the
2  reasons explained in Proposed Intervenors' earlier briefing, Dkt Nos. 32 and 40, and so their
3  request will likely not be granted, further reducing the possibility of prejudice.  But the
4  accusations Plaintiffs filed with this Court are scandalous and incendiary, and evidence clearly
5  refuting them should be presented even if the Court will ultimately disregard *all* of the extrinsic
6  evidence.

7  Meet and confer efforts have been exhausted.  Pursuant to the Court's standing order,
8  counsel for Proposed Intervenors solicited the parties' position on this Motion by email in a meet
9  and confer communication to which they attached the declaration on June 30, 2022.  *See* Huppert
10 Decl. ¶8.  In this communication, counsel for Proposed Intervenors also invited Plaintiffs' counsel
11 to withdraw or correct the false allegations and suggestions concerning the nonexistent "May
12 2022 Alleged Rape."  *Id.*  Plaintiffs' counsel first responded by email on June 30, 2022,
13 indicating that they opposed the motion and declining the invitation to withdraw or correct the
14 statements.  Then, on July 5, Plaintiffs' counsel indicated that they did *not* oppose the declaration
15 being filed but that they intended to file it in the context of their own forthcoming motion.  Also
16 on July 5, 2022, counsel for Defendants indicated that they did not oppose the request for leave to
17 file the supplemental Reply and the declaration, but that they would not stipulate to the filing of
18 either; they also stated that their position was limited to the Motion to Strike and they opposed
19 further briefing in general.

20 In light of Plaintiffs' June 16 explicit request that the Court consider their declarations and
21 resolve the Motions to Dismiss and Strike under a Rule 56 standard, and being now in possession
22 of a declaration showing the anonymous third-party rumors of a sexual assault by a transgender
23 woman put before this Court by Plaintiffs to be completely false, Proposed Intervenors request
24 permission to correct the record.

25 Pursuant to Local Rule 137(c)'s requirement that, "if a document requires leave of court
26 . . . counsel shall attach the document proposed to be filed as an exhibit to the moving papers
27 seeking such leave and lodge a proposed order," the proposed Reply, the declaration, and a
28 proposed order are attached to this Motion.

Dated: July 5, 2022               Respectfully Submitted,


By:     s/ *Nora Huppert*
NORA HUPPERT
RICHARD SAENZ
CHRISTINA S. PAEK
**LAMBDA LEGAL**

DIMITRI D. PORTNOI
MICHAEL J. SIMEONE
ELIZABETH A. ARIAS
SHIVANI I. MORRISON
**O'MELVENY & MYERS LLP**

SHAWN MEERKAMPER
**TRANSGENDER LAW CENTER**

AMANDA C. GOAD
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

SHILPI AGARWAL
**ACLU FOUNDATION OF NORTHERN CALIFORNIA**

*Counsel for Proposed Intervenors*