# EXHIBIT A

SHAWN MEERKAMPER (SBN 296964)
shawn@transgenderlawcenter.org
**TRANSGENDER LAW CENTER**
P.O. Box 70976
Oakland, California 94612
Telephone:   (510) 587-9696

AMANDA C. GOAD (SBN 297131)
agoad@aclusocal.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 W. 8th Street, Suite 200
Los Angeles, California 90017
Telephone:   (213) 977-9500

CHRISTINA S. PAEK (SBN 341994)
cpaek@lambdalegal.org
**LAMBDA LEGAL**
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Telephone:   (213) 382-7600

NORA HUPPERT (SBN 330552)
nhuppert@lambdalegal.org
**LAMBDA LEGAL**
65 E. Wacker Place, Suite 2000
Chicago, Illinois 60601
Telephone:   (312) 663-4413

RICHARD SAENZ (*pro hac vice*)
rsaenz@lambdalegal.org
**LAMBDA LEGAL**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone:   (212) 809-8585

DIMITRI D. PORTNOI (SBN 282871)
dportnoi@omm.com
MICHAEL J. SIMEONE (SBN 326844)
msimeone@omm.com
ELIZABETH A. ARIAS (SBN 318283)
earias@omm.com
SHIVANI I. MORRISON (SBN 342874)
smorrison@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000

SHILPI AGARWAL (SBN 270749)
sagarwal@aclunc.org
**ACLU FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JANINE CHANDLER, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01657-JLT-HBK<br><br>**PROPOSED INTERVENORS' [PROPOSED] SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**<br><br>Judge:　　Hon. Jennifer L. Thurston<br>Courtroom:　4, 7th Floor |

## I. INTRODUCTION

In response to Defendants' very narrow "factual attack" on one of Plaintiffs' specific allegations, Plaintiffs attempted to introduce far-ranging factual material completely unrelated to that attacked allegation, including by introducing inadmissible rumors of a sexual assault by a specific transgender woman incarcerated in a CDCR women's facility.  Dkt. No. 36.  Then, in response to Defendants' Motion to Strike, Plaintiffs for the first time explicitly asked this Court to look to extrinsic evidence and resolve disputed facts beyond the scope of Defendants' narrow "factual attack."

Counsel for Proposed Intervenors have now obtained a sworn declaration by the alleged "victim" of that assault stating clearly and explicitly that no such assault occurred and showing the accusations to be false.  Proposed Intervenors reiterate their earlier explanations why this Court should not consider Plaintiffs' declarations, which are both inadmissible and improper, and their request that "[i]n the unlikely event that this Court considers" them, they be given "notice and 'a fair opportunity to present material relevant.'"  Dkt. No. 40 n.10 (quoting *In re Mortg. Elec. Registration Sys., Inc.,* 754 F.3d 772, 781 (9th Cir. 2014).  But in light of Plaintiffs' June 16 request (in their second Opposition brief) that the Court consider the Motion to Dismiss under a Rule 56 standard, and being in possession of a declaration that clearly demonstrates these accusations to be false, Proposed Intervenors must also correct the record before the Court.  Dkt. No. 41.

## II. ARGUMENT

In their Motion to Dismiss, Defendants raised a very narrow "factual attack" against Plaintiffs' free expression claim.  Dkt. No. 15 at 8.  Rather than "support [their] jurisdictional allegations with 'competent proof,'" Plaintiffs introduced far-ranging factual material in the form of twelve declarations, nearly all of which are inadmissible and none of which were relevant to the specifically attacked jurisdictional allegation, as is explained more thoroughly in Proposed Intervenors' earlier briefs.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)) (citation omitted); *see* Dkt. No. 32; Dkt. No. 40.

In their Motion to Dismiss briefing, Proposed Intervenors explained that this Court should not look to Plaintiffs' extrinsic evidence, but that if it were inclined to do so, they requested "notice and 'a fair opportunity to present material relevant,'" including evidence to dispute Plaintiffs' rumors of a sexual assault against an anonymous third party. Dkt. No. 40 n.10 (quoting *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 781 (9th Cir. 2014)). For their part, Defendants have moved to Strike Plaintiffs' Declarations. Dkt. No. 38. In response to Defendants' Motion to Strike, Plaintiffs filed their Opposition on June 16, and for the first time explicitly requested that this Court look to all of the extrinsic evidence and resolve disputed facts under a Rule 56 standard. Dkt. No. 41.[1]

One aspect of the improper factual material relevant here was Plaintiffs' efforts to "exploit this litigation to propagate a baseless claim of sexual assault" by a specific transgender woman—what Plaintiffs referred to as the "May 2022 Alleged Rape." Dkt. No. 40 at 1; Dkt. No. 36 at 6. Plaintiffs' briefs and declaration identified this transgender woman, Syiaah, by one of the other names that she has used.

On June 29, 2022, counsel for Proposed Intervenors received a declaration by Asia Davis—the "A.D." who Plaintiffs' declarations claim was assaulted—showing that the "May 2022 Alleged Rape" simply did not happen. In it, Ms. Davis clearly and explicitly denies that any assault took place. *See* Davis Decl. Ms. Davis explains that she is the person who Plaintiffs' briefs and declarations describe who needed medical attention "[o]n the afternoon of May 19, 2022." Davis Decl. ¶5. That day, she "became dizzy and nauseous" and "went to the porta-potty to vomit" due to "the lack of food, heat, and dehydration." Davis Decl. ¶5–7. Syiaah, who the declarant describes as a "close friend," was "concerned for [her]" and "entered the porta-potty as well, and rubbed [her] back." Davis Decl. ¶3, 6. After Syiaah left the porta-potty, Ms. Davis heard others yelling and questioning Syiaah's presence in the porta-potty with her. Davis Decl.

---

[1] It is within the Court's discretion to consider a declaration submitted in Reply where it is a "reasonable response" to the opposition. *United States ex rel. Doe v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489, at *3 (E.D. Cal. Oct. 23, 2015), *aff'd in part, appeal dismissed in part on other grounds sub nom. United States ex rel. Sant v. Biotronik, Inc.*, 716 F. App'x 590 (9th Cir. 2017).

¶8. Ms. Davis was assisted back to her room by others, asked her if Syiaah had hurt her; she responded that Syiaah "had not hurt me." Davis Decl. ¶9.

The next day, Ms. Davis learned that Syiaah had been accused of sexually assaulting her. Davis Decl. ¶12. When a CDCR investigator questioned the declarant about this allegation, she told them that Syiaah was her "best friend" and that Syiaah "*did not and would never hurt me.*" Davis Decl. ¶13 (emphasis added). Later, a group of individuals were "agitated and claiming [Syiaah] had raped" Ms. Davis, and Ms. Davis told the group that Syiaah "had not harmed [her] at all." Davis Decl. ¶16. Nonetheless, members of that group continued to insist, despite her repeated denial, that Syiaah had raped her. Davis Decl. ¶17. "As the rumor . . . spread," Ms. Davis "repeatedly informed everyone who asked" that Syiaah "had not harmed [her] and would never harm [her]." Davis Decl. ¶18. Nonetheless, these false and baseless rumors found their way into Plaintiffs' briefing and declarations. *See* Dkt. No. 36.

## CONCLUSION

For all of the reasons explained by Proposed Intervenors and Defendants in the Motions to Dismiss and Strike briefing to date, this Court should not consider Plaintiffs' declarations. But in the event that it does, Ms. Davis' declaration makes clear that Plaintiffs' accusations are not just inadmissible and inappropriate. They are false.

Dated: July 5, 2022

Respectfully Submitted,

By:   s/ *Nora Huppert*
NORA HUPPERT
RICHARD SAENZ
CHRISTINA S. PAEK
**LAMBDA LEGAL**

DIMITRI D. PORTNOI
MICHAEL J. SIMEONE
ELIZABETH A. ARIAS
SHIVANI I. MORRISON
**O'MELVENY & MYERS LLP**

SHAWN MEERKAMPER
**TRANSGENDER LAW CENTER**

AMANDA C. GOAD
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

SHILPI AGARWAL
**ACLU FOUNDATION OF NORTHERN CALIFORNIA**

*Counsel for Proposed Intervenors*