UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE CHANDLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:21-cv-01657-JLT-HBK<br><br>**ORDER DENYING PROPOSED INTERVENORS' MOTION FOR LEAVE TO FILE A SUR-REPLY RE PENDING MOTION TO STRIKE**<br><br>**(Doc. 43)**<br><br>**ORDER DENYING MOTION FOR LEAVE TO LATE-FILE AN OPPOSITION TO THE MOTION TO INTERVENE**<br><br>**(Doc. 44)** |

Plaintiffs, who are California inmates housed in a prison for women and a nonprofit organization that advocates for incarcerated women, allege in this lawsuit that two California statutes, California Penal Code Sections 2605 and 2606, added to the Penal Code by S.B. 132, an act titled "The Transgender Respect, Agency, and Dignity Act," are facially unconstitutional under the federal and California constitutions and are also unconstitutional as applied to Plaintiffs. (*See generally* Doc. 1 ("Compl."), 1-2, 34.) Several motions are pending before the Court. Defendant California Department of Corrections and Rehabilitation filed a motion to dismiss (Doc. 15, filed April 11, 2022) and a motion to strike (Doc. 38, filed June 10, 2022). Those motions are fully briefed and are awaiting resolution by the Court.

On May 9, 2022, the Transgender Gender-Variant & Intersex Justice Project ("TGI JP"),

along with four individuals who identify as transgender women and who are presently incarcerated, (collectively, "Proposed Intervenors") moved to intervene as party defendants, asserting that CDCR is "not likely to defend SB 132 vigorously because it is a law that they not only refuse to fully implement, but regularly violate." (Doc. 19.) CDCR opposes the motion to intervene. (Doc. 35.) Proposed Intervenors filed a reply to that opposition. (Doc. 37.) Plaintiffs initially indicated they did not oppose the motion to intervene. (*See* Doc. 44 at 4.)

On July 5, 2022, though they had not previously engaged in any briefing in connection with the dispositive motions filed by CDCR, Proposed Intervenors moved for leave to file a supplemental reply in support of CDCR's motion to strike. (Doc. 43.) Proposed Intervenors seek to introduce new evidence they obtained on June 29, 2022, to refute evidence submitted by Plaintiffs in opposition to the motion to strike. More specifically, in opposition to one argument raised in CDCR's motion to strike, Plaintiffs submitted a declaration indicating that a transgender inmate who had been transferred into a CDCR women's facility had subsequently been placed in administrative segregation pending the completion of a sexual assault investigation. (Doc. 36 at 17; Doc. 36-10.) Proposed Intervenors seek to present to the Court in their supplemental reply, a first-hand declaration from the purported victim of that alleged sexual assault who reports that no such assault occurred. (*See generally* Docs. 43, 43-3.)

In support of filing a supplemental reply, Proposed Intervenors cite to Local Rules 137(c) and 230(m). (Doc. 43.) Plaintiffs oppose the request. (Doc. 48.) Local Rule 137(c) simply provides the procedures a party must follow when requesting leave of court and does not provide an independent basis for consideration of any particular kind of document. Proposed Intervenors do not contend that it, standing alone, can justify their proposed filling. Local Rule 230(m) provides two mechanisms for the filing of materials after a reply is filed. First, if new evidence has been submitted with a reply brief, "the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply evidence stating its objections to the new evidence." Local Rule 230(m)(1). Proposed Intervenors do not explain how this rule applies here, as they are seeking to supplement a <u>reply</u> to refute evidence contained in an <u>opposition</u> that was filed more than seven days prior to their attempted filing. Alternatively, Local Rule 230(m)(2)

allows for the filing of a "notice of supplemental authority," which allows for a party to bring he court's attention to "a relevant judicial opinion issued after the date that party's opposition or reply was filed." Again, it is unclear how this rule would permit the filing of Proposed Intervenors' supplemental reply. No other basis for the filing of the supplemental reply is apparent on the face of the record and the Court will not manufacture arguments for the parties. The request for leave to file a supplemental reply will therefore be denied.[1]

On July 6, 2022, Plaintiffs filed a motion for leave to file a late opposition to the motion to intervene, now contending, based in part on Proposed Intervenors' request to file the above-mentioned supplemental reply, that the intervention will "unduly delay and unduly prejudice existing parties." (*See generally* Doc. 44.) Proposed Intervenors oppose this request, (Doc. 47), and Plaintiffs filed a reply in support, (Doc. 49). Plaintiffs acknowledge (Doc. 44 at 3) that the governing standard is set forth in Federal Rule of Civil Procedure 6(b)(1)(B), which provides that the Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "With regard to determining whether a party's neglect of a deadline is excusable . . . the determination is at bottom an equitable one, taking account of *all relevant circumstances surrounding the party's omission*." *Id*. (emphasis added). These include: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

The delay involved is not insignificant. As Proposed Intervenors point out, it has been more than twelve weeks since Plaintiffs first communicated that they would not oppose the motion to intervene, (Doc. 47 at 5 (citing record)), and more than two months since briefing on the motion to intervene closed. Nonetheless, the Court does not give great weight to this factor, because there would be minimal impact on the speed of judicial proceedings given that this Court's backlog is causing extraordinary delays to its civil law and motion calendar.

---

[1] The Court expresses no opinion whether Proposed Intervenors or any other party may eventually present this evidence to the Court during a later stage in the case.

More crucially, the Court finds Plaintiffs' stated reasons for their delay to be underwhelming. Plaintiffs claim, in essence, that recent information has motivated them to change position and oppose intervention. One of these motivators, according to Plaintiffs, was Proposed Intervenors' request to file a supplemental reply which Plaintiffs claim evinces a "motive . . . to cause undue delay." (Doc. 44 at 4–6.) Notwithstanding the fact that Proposed Intervenors' request will be denied, Plaintiffs cannot reasonably claim that Proposed Intervenors attempted filing was aimed at causing delay. Rather, Proposed Intervenors were simply trying to litigate this case. To the extent Plaintiffs question Proposed Intervenors' efforts to participate fully in this case, Plaintiffs misapprehend the role of an intervenor in federal court. Pursuant to Federal Rule of Civil Procedure 24, a nonparty may be permitted to intervene in an action in one of two ways—"as of right" or permissively—either of which gives the intervenor "full party status, including the right to engage in discovery, participate at trial, and appeal the judgment," *Standard Fabrics Int'l, Inc. v. Rainbow USA, Inc.*, No. CV15-8218-MWF (KSX), 2016 WL 11760192, at *1 (C.D. Cal. Feb. 5, 2016), subject to any conditions imposed on intervention by the Court, *see* Fed. R. Civ. P. 24, advisory committee note to the 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). Even though the motion to intervene has yet to be ruled upon and is opposed by CDCR, it is not unusual, outrageous, nor inherently delay-inducing for Proposed Intervenors to proceed as though they will be allowed to fully participate, including by requesting to meet-and-confer with Plaintiffs, particularly given Plaintiffs' previous non-opposition to their intervention.[2] For all of these reasons, it is difficult to conclude that the reasons given for the late filing were completely outside the control of Plaintiffs. For all those reasons, the Court finds that Plaintiffs have not demonstrated excusable neglect sufficient to justify the late filing of an opposition to the pending motion to intervene. That motion is denied as well.

---

[2] The Court recognizes that it is Plaintiffs' position that Proposed Intervenors obtained the declaration from the purported assault victim in a manner that Plaintiffs contend was insensitive. Even assuming purely for the sake of argument that is true, the Court does not believe that dispute is relevant to the pending request to late-file. The Court reminds the parties that this is one of the busiest district courts in the Nation. All must do a better job of communicating with one another off the record. This Court does not have time to resolve immaterial disputes.

**CONCLUSION**

For the reasons set forth above,

(1) Proposed Intervenors' motion to file a supplemental reply (Doc. 43) is **DENIED**.

(2) Plaintiffs' motion to late file an opposition to the motion to intervene (Doc. 44) is **DENIED**.

(3) The remaining motions will be decided on the papers without oral argument.

IT IS SO ORDERED.

Dated:   **July 19, 2022**

_____
UNITED STATES DISTRICT JUDGE