1. KENNARD LEE DAVIS #T-78448
2. Salinas Valley State Prison
3. P.O. Box 1050
4. Soledad, CA. 93960-1050
5. Pro Se

FILED
MAY 30 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

7. UNITED STATES DISTRICT COURT
8. EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11. JANINE CHANDLER ET.AL. | CASE NO. 1:21-CV-01657 JLT-HBK |
| 13. Plaintiffs | PRO SE INTERVENOR'S MOTION |
| 14. | TO MODIFY, AMEND, OR |
| 15. V. | ALTER THE JUDGMENT |
| 16. | FRCP RULE 59 |
| 17. CAL. DEPT OF CORRECTIONS | |
| 18. AND REHABILITATIONS | |
| 20. DEFENDANTS | |

21. TO: UNITED STATES DISTRICT COURT
22. EASTERN DISTRICT OF CALIFORNIA,
23. I, (KENNARD LEE DAVIS) PRO SE/INTERVENOR WILL NOW MOVE
24. THIS HONORABLE COURT FOR PRO SE INTERVENOR'S MOTION
25. TO MODIFY, AMEND, OR ALTER THE JUDGMENT. (ECF. NO. 67)
26. FILED DATED: 5/14/2024, PURSUANT TO: FRCP RULE 59.
27. DATE: MAY 27TH, 2024        (1)      Kennard Lee Davis
                                          INTERVENOR

# DECLARATION

1. I, (KENNARD LEE DAVIS), AM THE ENTITLED PRO SE, INTERVENOR, AND UNDERSIGNED, IN THE ABOVE-MENTION ENTITLED ACTION/CASE DEPOSE AND DECLARE AS FOLLOWS:

#1). THAT IN TANINE CHANDLER, ET. AL., PLAINTIFFS V. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, ET. AL. DEFENDANTS. CASE NO. 1:21-CV-01657-JLT-HBK (ECF. NO. 67), FILED DATED: 5/14/24. THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ORDER GRANTING [15] DEFENDANTS MOTION TO DISMISS, DENYING DEFENDANTS MOTION TO FILE REDACTED EXHIBITS AND DEFENDANTS [38] MOTION TO STRIKE, AND DENYING AS MOOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE. AMENDED COMPLAINT OR NOTICE OF DISMISSAL DUE WITHIN TWENTY-ONE DAYS...

#2). SPECIFICALLY, AT (ECF. NO. 67), AT PAGE #16 L#18- L#28. THE COURT STATES: "VI. CONCLUSION BASED UPON THE FOREGOING, THE COURT ORDERS:
(1) DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DECLARATION (DOC. 38), WHICH THE COURT TREATS AS AN OBJECTION TO PLAINTIFFS EXHIBIT, IS DENIED.
(2) DEFENDANTS' MOTION TO FILE REDACTED EXHIBITS TO THISSEN DECLARATION (DOC. 15-6) IS DENIED AS MOOT.
(3) DEFENDANTS MOTION TO DISMISS (DOC. 15) IS GRANTED WITH LEAVE TO AMEND AS TO ONLY THE INDIVIDUAL DEFENDANTS AND WITHOUT LEAVE TO AMEND AS TO THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS.
(4) DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF MATTERS AND RECORDS IN SUPPORT OF MOTION TO DISMISS (DOC. 15-2) IS DENIED AS MOOT.
(5) WITHIN 21 DAYS, PLAINTIFF MAY FILE AN AMENDED COMPLAINT OR A NOTICE OF DISMISSAL. FAILURE TO TIMELY FILE EITHER DOCUMENT WILL RESULT IN DISMISSAL OF PLAINTIFF'S CASE WITH PREJUDICE PURSUANT TO RULE 41(b)."

(2)

1. BACKGROUND AS NOTED, IN (ECF.NO.67), Filed dated: 5/14/24
2. THE Plaintiff's et.al, have (21) TWENTY-ONE day to file an
3. Amended Complaint, OR A NOTICE of dismissal. However, the
4. District Has made Final Rulings, Decisions, and/OR Judgments
5. of the Plaintiff's et.al. Complaint that cannot be cured by
6. A Liberal Acquiescent to Amend the Entitled Complaint. The Prose
7. Intervenor, would only Like to specifically Address these Rulings,
8. Decisions, and/OR Judgments that cannot be cured by the
9. Respectful Plaintiffs et.al., Rights to Pursue, OR NOT to Pursue their
10. Entitled Complaint (42 U.S.C § 1983).
11.     IN (ECF.NO.67), Filed dated: 5/14/24, AT page #14, L#10-L#17, the
12. Court states: " 3. Defendants' motion to Dismiss (Doc.15). 1. Redundant
13. Defendants." Defendants Argue that the Court should dismiss defendants
14. Houston, Allison, and Pallares because their state-entity employer is a
15. Named defendant." (Doc.15-1 AT 56). Indeed, the Complaint sues each of the
16. defendants in their official Capacities while at the same time, naming
17. the CDCR. (Doc.1 AT 19-20.). However, Plaintiff's only Requested
18. relief in this Case is for declaratory and injunctive relief, NOT monetary
19. damages. (Id, AT 34-35). Notwithstanding the above-mention.
20.     IN (ECF.NO.67), Filed dated: 5/14/24, AT page #17, L#13-L#21, the
21. Court states: "IV. Article III Redressability. "On the other Hand, the Court
22. Notes that Plaintiffs have Failed to Show that it is "Likely, as opposed to merely
23. speculative that their injuries will be Redressed by a favorable decision." Dep't
24. of Educ. V. Brown, 600 U.S. 551, 561 (2023). Plaintiffs have the Burden to show that they
25. Have Article III standing for each claim Asserted and for each of Form of Requested
26. Relief sought. Trans Union LLC v. Ramirez 594 U.S. 413, 430-31 (2021); Heland v. Weber,

(3)

1. 2 F.8th 838,843 (9th Cir. 2021). This requirement does not change in either the
2. declaratory judgment, or permanent injunction context. See Haaland v.
3. Brackeen, 599 U.S. 255, 292-93 (2023), (Analyzing standing for plaintiffs
4. requests for declaratory and injunctive relief); Notwithstanding the above.
5.    In (PCF. No 67), filed dated: 5/14/24 at page #23, L#4 - L#16, the
6. Court states: "There are two fatal flaws concerning the requested
7. injunction. First, it would require the Court to order CDCR officials to
8. identify, locate, and remove potentially over two dozen "8 transgender,
9. intersex, and nonbinary individuals from California prisons (Doc.1 at 34).
10. Not only is it beyond the power of an Article III court to order, design,
11. supervise, or implement the plaintiffs' [suggested] remedial plan which
12. would inevitably require a host of complex policy decisions entrusted,
13. for better or worse to the wisdom and discretion of the executive and
14. legislative branches. Juliana, 947 F.3d at 1171, But this is also not what plaintiffs
15. complaint requests. They request the Court enjoin CDCR and its officials from
16. further enforcing or implementing S.B. 132 (See Doc.1 at 80 ¶51.) Even if the
17. Court granted this relief, it would only stop further inflow of gender-
18. nonconforming incarcerated individuals; those who CDCR has already housed
19. in CCWF would remain. (Doc.32 at 18 ("An injunction against implementing
20. the specific policy contained in SB 132 would do nothing to change CDCR's
21. obligations to maintain a similar policy... and thus would do nothing
22. to remedy plaintiff's alleged injuries."). Furthermore at L#17-L#24.
23. States: "Moreover, the Court is not convinced that life in these prisons" pre-SB
24. 132" would redress plaintiffs' complaint. As plaintiff admit, California Code
25. of Regulations, Title #15, sec.3269 (2017) allowed transgender inmates and inmates
26. with symptoms of gender dysphoria to be referred to a classification committee
27.                                      (4)

1. for a determination of appropriate housing at a designated institution. Cal.
2. Code Regs. Title 15, §§ 3269(g)(2017), (Doc. 41 at 7.) This regulation existed at
3. least three years prior to the enactment of S.B. 132, and allowed for transgender
4. inmates to be housed with cisgender female inmates. Id §§ 3269(g), 3375(h)(2017).
5. In other words the remedial scheme laid out in §§ 3269(g) and 3375(h)[19]
6. directly. [Continuation at page 24, <#1-#7] undermines Plaintiff's
7. argument that by restoring California's Women's Correctional facilities to
8. their housing arrangements pre-S.B. 132, cisgender and transgender inmates
9. would live in separate housing facilities. Indeed Plaintiff do not seek to
10. enjoin these provisions of the California Code of Regulations, and such
11. regulations would still exist if the Court issued Plaintiffs their requested
12. injunction. Thus, Defendants correctly point out that "regardless of the
13. outcome of this suit, transgender women will continue to be housed in
14. Women's facilities." (Doc. 15-1 at 19.)... Notwithstanding the above.
15. In (ECF No. 67) at page #24 <#24; at page #25 <#1-#5. The Court
16. states: "For this reason, in addition to issues of abandonment and
17. immunity, the Court must grant Defendants' motion to dismiss...
18. Defendants Request for Judicial Notice (Doc. 15-2) is accordingly denied as
19. moot. V. 42 U.S.C. §1983. Finally, the Court notes that is must grant
20. Defendants motion to dismiss for failure to state a claim because Plaintiffs
21. have failed to bring their claims pursuant to 42 U.S.C §1983...
22. At page #26, <#13-<#16 states: "Here the Court determines not only that
23. CDCR enjoys immunity under the Eleventh Amendment, but also the most
24. Plaintiff's claims are not redressable under the bounds of Article III. As
25. such, the Court denies Plaintiff leave to amend their Complaint against CDCR and for
26. claims that the Court cannot redress."....
27.

(5)

# ARGUMENT

1. 
2. In support of Pro Se Intervenor's motion to modify,
3. amend, or alter the Judgment. Pursuant to: FRCP Rule 59...
4.   As noted by this Honorable Court, in (ECF.NO.67), at page
5. #15, ¶#17-¶#21. The Court states: "III. Eleventh Amendment
6. Immunity. Though neither the Defendants nor Intervenors
7. raised Eleventh Amendment immunity regarding Plaintiff's Federal
8. causes of action, the Court may sua sponte address state sovereign
9. immunity issues, as the doctrine implicates this Court's subject-
10. matter jurisdiction. Seminole Tribe v. Florida 517 U.S. 44, 54 (1996)."
11.   Notwithstanding, the above-mentioned oversight, this Pro Se Intervenor
12. takes liberty to invite the Intervenors' Group of Transgender and
13. Intersex Inmates, as well as their Advocacy Group (Transgender,
14. Gender Variant and Intersex Justice Project) ("TGIJP") and/or their
15. Attorneys representing them (ECF.NO.62). To join, stipulate, confer,
16. and/or not participate in this Pro Se Intervenor's motion to modify,
17. amend, or alter the Judgment. See FRCP Rule 59...
18.   #1). Pro Se Intervenor concedes as follows: The Defendants et.
19. al, and their attorneys representing the Defendants, and the (Pro Se)
20. Intervenor are not out of the "neck of the woods" analogy.
21. Though this Court's Judgment in (ECF.NO.67) was tremendously
22. favourable to Defendants and Pro Se Intervenor's. However,
23. related case factors are still in heated dispute between
24. the Defendants, and this (Pro Se) Intervenor regarding the
25. defending of the entitled case; and/or how the de facto
26. preliminary injunction, or injunctive relief was de facto applied.
27.            (6)

## AUTHORITIES

1. Sandin v. Conner (1995) 515 U.S. 472, 483; Farmer v.
2. Brennan (1994) 511 U.S. 825, 847; Pratt v. Rowland (9th Cir. 1995)
3. 65 F.3d 802, 806-807; Rizzo v. Dawson (9th Cir. 1985) 778 F.2d 527,
4. 532; Lucero v. Hensley (C.D. Cal. 1996) 920 F.Supp. 1067, 1076;
5. Scott v. Reno (C.D. Cal. 1995) 902 F.Supp. 1190, 1198.

#2). This Pro se Intervenor has asserted that (CDCR) and/or the attorneys representing the Defendants have not adequately defended SB 132 vigorously because it is a law that they not only refuse to fully implement, but regularly violate. (ECF. No. 64) CDCR opposed the (pro se) motion to intervene. (ECF. No. 65). The (pro se) Intervenor filed a Reply to that opposition. Court filed date: 4/22/24 (ECF. No. 66)...

#3). Under my limited understanding (S.B. 132), became effective California Penal Code Section 2605 and 2606 on January 1, 2021. The entitled case was filed in 2021. (Case No. 1:21-cv-01657-JLT-HBK.) According to (ECF. No. 67) and this Court's accepted findings and/or decision at page #23, L#4-L#6. "There are two fatal flaws concerning this requested injunction. First, it would require the Court to order CDCR officials to identify, locate, and remove potentially over two dozen[18] transgender, intersex, and non-binary individuals from California prison (Doc. 1 at paragraph "39")..." Footnote #18 states: "At the time plaintiffs filed their opposition brief, they represented that there was at least two dozen of such transfers into CIW and CCWF. (Doc. 1 at "39.) In their opposition, however, plaintiffs represent that there are at least 300

(7)

1. of such individuals housed in Women's Correctional Facilities. (Doc. 36 at 26.)
2. Regardless, the Number of Incarcerated Gender Non-Conforming individuals
3. is certainly high... What the entitled Plaintiff's et. al, law suite
4. did not achieve in stopping or reversing the implementing of
5. (S.B. 132) or Penal Code Section 2606. However, what it did do was
6. exposed, illuminated, and clearly shown the under-handed, vicartous,
7. egregious, and/or retaliatory/racial way the Defendants are
8. implementing the (S.B. 132) law to deny, prevent, exclude, and/or
9. procrastinate the (prose) Intervenor from becoming apart of this
10. law, benefitting, or participating in Penal Code Section 2606. Due
11. to Defendants and/or their attorneys representing them retaliating
12. for the (prose) inmate transgender obtaining (prose) Intervenor
13. status. (ECF. No. 66), See (ECF. No. 67)... The Defendants after
14. 3 1/2 years of this law being codified in Penal Code Section
15. 2605 and 2606 have not vigorously implemented this law,
16. which was shrouded under a veil/defacto and non-court
17. authorized (de tuse) preliminary intuctive/injunction relief...
18.   #4). According to Defendant's Opposition to Proposed
19. Intervenor's motion to Intervene (ECF. No. 64), filed
20. dated: 4/8/24... The Defendants and/or the Attorneys representing
21. the Defendants have already laid out their plans to retaliate
22. against this (prose) Intervenor. See Defs.' Opp. Mot. Intervene
23. (1:21-cv-01657-JLT-HBK) at page #3, footnote #2. states in part:
24. "That S. He may Raise these claims in a new action." Also, at page # 4
25. LN 22 - L # 25. "Since Ms. Davis Appears to be presently litigating her
26. issues regarding housing, or transfer and because her motion to

1. join the instant action appears to be a pretextual excuse for filing
2. a motion in her own case." Ms. Davis' application to intervene should
3. be denied. See, Warren, 303 F.3d 1014. Intervenor denys both assertions.
4. #5), In defendant's opposition to proposed intervenor's
5. motion to intervene. (ECF. No. 64), filed dated: 4/8/24
6. The defendants and the attorneys representing the defendants
7. listed several reasons why if they ultimately and successfully
8. defeated the entitled Chandler, et.al. plaintiffs law suite.
9. How they planned to excluded (prose) intervenor or take
10. reprisal and retaliation against this (prose) intervenor. See, deft's
11. opp. mot; intervene (1:21-cv-01657-JLT-HBK) at page # 9 L#13/L#17
12. states; "next to the extent that Ms. Davis' application reflects that she is
13. "effected" by the underlying litigation and that she believes that the
14. disposition of this case will impact her rights. ECF. No. 64 at 2. Both
15. defendants and intervenors adequately represent the interests of
16. individual transgender and intersex inmates who may be impacted by
17. the courts ultimate determination regarding the constitutionality of
18. penal code 2605 and 2606, and for this reason as well Ms. Davis'
19. application should be denied. Fed. R. Civ. P. 24(a)(2)"... To the
20. exact opposite, or contrary (PACR) and certainly not
21. (SKSP) has mention this entitled case; provided periodically
22. bulletins, or up dates regarding this entitled case; nor sheded
23. any information, or status regarding implementing (SB132)
24. or penal code section 2605 and 2606 transfers... transfer status
25. inmate(s) such as myself, are just told by (PACR) officials: "to shut
26. up, stop complainting about penal code section 2606 transfers."
27.

(9)

1. #61. If, this Honorable District Court, does not move to
2. step in and/or rule on this (PROSE) Intervenor's motion to
3. modify, amend, or alter the Judgment. Pursuant to F.R.C.P. Rule 59...
4. The Road, or Pathway for this (PROSE) Intervenor to Receive
5. Her Protectable Interest in this Entitled Case, or Cali. Penal
6. Code Section 2606 Transfer to all Womens Prison will be
7. Torturous, Medieval and/or Cruel and Unusual Punishment
8. as declared and documented by the Defs. Opp: Mot. Intervene
9. (1:21-cv-01657-JLT-HBK), at page #3, L#9-L#12. States: "Intervention
10. is Inappropriate when a proposed Intervenor seeks to Raise an
11. Issue Not presented by the Parties, or when Intervention
12. Appears to be a Pretexual effort to avoid filing (Court fees
13. pursuant to 42 U.S.C. §1983 Civil Rights Complaint) a separate Action"...
14. See Warren v. Comm'a, 302 F.3d 1012, 1014 (9th Cir. 2002) is not
15. applicable. Due to Plaintiffs Chandler et.al. in (ECF.NO.67)
16. at page #23 L.#1-L#4) Footnote #18... The Defendants and the Attorneys
17. Representing the Defendants are caught misstating the Facts
18. and/or Hidding behind the Unauthorized Defacto Preliminary
19. Injunction Relief motion that was Never Granted by this Court...
20. The Plaintiffs presented (ECF.NO. 36 at 26), which states: "The
21. Number of Transgender women has changed from two dozen in
22. 2021, to at least 300 of such individuals housed in womens
23. Correctional facilities. As of ECF.NO.36 AT 26. This (PROSE)
24. Intervenor Ms. Davis, is Requesting this Entitled Honorable
25. Court to modify, amend, or alter the Judgment to include/order
26. (PROSE) Intervenor Be apart of this Protectable Interest Inmates...
27.

(10)

1. #7). What is quite clear by language, disposition, and/or
2. arguments presented by Defendants, and/or the attorneys
3. representing the Defendants in Def's Opp. Mot. Intervene (1:21-CV-
4. 01657-JLT-HBK) passim, states: "Similar Situated Transgender
5. Status inmates, who may have pending, prior, or on-going State,
6. or Federal court Litigations by way of either Federal Habeas Corpus
7. or Federal Civil Rights Law Suits actions... will be denied, excluded,
8. circumvented, procrastinated, harrassed, punished, and deprived
9. of their rights to be equally treated to (S.B. 132) Penal Code
10. Section 2606 transfers to an all womens prison. Because the
11. Defendants and the attorneys representing the Defendants can
12. impose in the case of this (Pro se) Intervenor, that such similar
13. situated Transgender status inmate file a separate, or new
14. action, (42 U.S.C. § 1983) law suit claim, to be (S.B.) 132,
15. Penal Code Section 2606 transfer to an all womens prison...
16. Based on the Def's Opp. Motion Intervene (1:21-CV-01657-JLT-HBK)
17. filed dated: 4/8/24, This Honorable District Court can easily glean
18. from the Defendants arguments presented, this (Pro se) Intervenor will
19. not be Penal Code Section 2606 transferred to an all female prison, because
20. if was granted (Pro se) Intervenor status in this entitled case, (retaliation)
21. and/or as the evidences shows, the Defendants and/or attorneys representing
22. them have declared that I must file a new action (42 U.S.C. 1983 claim).
23.   #8). In (Pct. No. 67) filed dated: 5/14/24, at page #24, L#5-L#6,
24. states: "Thus, Defendants correctly point out that "regardless of the out-
25. come of this suit, Transgender women will continue to be housed in
26. Womens Facilities." (Doc. 18-1 at 19). This (Pro se) Intervenor
27.

(11)

1. CONTENDS AND/OR ARGUES THAT DEFENDANTS FILED DOCUMENT #15-1,
2. AT 19, WAS SUBMITTED TO THIS COURT IN THE YEAR 2022... HOWEVER, WITHOUT
3. COURT ACCESS, OR PERMISSION, I CAN ONLY PRESUME IT IS THE LIST, OR
4. CLASSIFICATION COMMITTEE APPROVED INMATE TRANSGENDER STATUS INDIVIDUALS
5. AWAITING TRANSFER TO AN ALL WOMEN PRISON. THE (PROVE) INTERVENOR'S
6. STATUS ALREADY ESTABLISHED THAT I AM A MEMBER OF THIS PROTECTABLE INTERESTS
7. GROUP... [CAL. PENAL CODE SECTION 2605 AND 2606], CERTIFIED BY CDCR TRANSGENDER
8. WOMAN INMATE, AND/OR UNIQUELY A (MORE) INTERVENOR IN THE ENTITLED
9. CASE. I HAVE BEEN INJURED OR SUFFERED FROM ON-GOING INJURIES
10. BEING DENIED/DELAYED/PREVENTED FROM (S.B.) 132, PENAL CODE SECTION
11. 2606 TRANSFERRED TO AN ALL WOMENS PRISON. See, Juliana V. United
12. States, 947 F.3d 1159, 1170 (9th CIR. 2020); California V. Texas, 593 U.S.
13. 659, 671 (2021)... FACTORS PRESENTED BELOW; INJURIES as a RESULT of DENIAL..
14.    #9). THIS HONORABLE COURT HAS (ECF. NO. 64); AND PROSE REPLY MOTION
15. TO DEFENDANTS OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO
16. INTERVENE (COURT FILED DATED: 4/22/24) ECF. NO. 66. THE PHYSICAL
17. INJURIES PRESENTED IN THEM TWO (2) FILED COURT DOCUMENTS WERE NOT
18. DENIED BY THE DEFENDANTS; CDCR; OR THE ATTORNEYS REPRESENTING
19. THE DEFENDANTS... THE ATTORNEYS REPRESENTING THE DEFENDANTS, ARE THE
20. ONLY PEOPLE ON THE PLANET WHO KNOW..., WHO IS THE RESPONSIBLE CDCR
21. EMPLOYEE TO IMPLEMENT, AND/OR VIGOROUSLY IMPLEMENT PENAL CODE SECTION
22. 2606 TRANSFERS TO ALL WOMEN PRISON. NOTWITHSTANDING THE SECRECY OF
23. MEDICAL CLASSIFICATION CHRONO REQUIREMENT AND REFERRED TO A CLASSIFICATION
24. COMMITTEE FOR REVIEW PROCESS, (DOM § 62080.14) I AM STILL BEING
25. VICTIMIZED, ASSAULTED AND RAPED AS NOTED BY SENATOR WIENER
26. FINDINGS AT (ECF. NO. 67) AT PAGE #3, L#9 - L#22. PERTINE #15,

(12)

1. SEC. 3370 (Article 9.5. Case Records File and Unit Health Records
2. Material-Access and Release,) all My Grievances, Victimization,
3. Assaults and Rapes can be provided to the Court by way of this
4. Statute, and the Attorney General Office or Attorneys, in entitled Case.
5. #10), specifically, the Salinas Valley State Prison, Mr. Charles
6. Schuyler, Warden in his Official Capacity, and Current Warden:
7. Mr. Bryan D. Phillips in his Official Capacity have allowed various
8. Deputy Wardens or (AW)'s; T. Moeckly; Jennifer-Brown; C. Medina; and
9. various Correctional Captains: Parks; Beam; Aguirra, and N. Davis;
10. and various Lieutenants; Thich; Madden; C. Avina, and various Sergeants:
11. Days; Perez; Aguire, Vega; Dominguez, and Hidalgo to Communicate
12. and Conspire with the (S.B.) 132, or Penal Code Section (CDCR) 2606
13. Classification Committee Members, and/or with the Attorneys
14. Representing the Defendants in this entitled Case. Since 5/20/24,
15. each and every one of the above-mention (SVSP) Prison Officials have
16. told me, and/or I have heard each one say: "Inmate Davis, Kennard
17. #T-78448 Transgender Status has filed litigation documents in this
18. Case, and that they have spoken to the Attorneys Representing (CDCR)
19. and/or the Defendants, Regarding My (Prose) Intervenor's Status." The
20. above named (SVSP) Prison Officials told me: "That they have me here at
21. (SVSP) to monitor my Court Filing actions in this entitled case, and to
22. undermine, sabotage, impede, and circumvent my Grievances and
23. Access to the Court, (Chili) my attempts to get Penal Code Section 2606
24. Transferred to an all Female Prison"..."In Connection or Conspiracy
25. with the Attorneys that Represent the entitled Defendants
26. and/or (CDCR) Officials on the (S.B.) 132 Classification Committee"
27.

(13)

1. #11). Since 4/22/24, and every day moving forward up until
2. the undersigned dated: 5/27/24. I have reported California Penal
3. Section 2606.(A)(B)(4) Safety Concerns to the (PWP) Grievance
4. Coordinator; C. Ramos; Captain: Parks; and both above mention (PVSP)
5. Wardens, I fear imminent physical attack, assault, and rape from my
6. Known (8) eight confidential inmate enemies here at (PVSP) and/or
7. their known (STG) Gang members affiliates, proxies, or cohorts. My
8. Request for Safety Concerns are being denied and used to send me
9. a coded/uncoded message by the above-mentioned prison officials to stop
10. pursuing my transgender status transfer and access to this entitled court.
11.    #12). On 4-29-24, I was victimized by Correctional Sergeant:
12. Hidalgo, who committed staff sexual misconduct by forcing me and/or
13. ordering me to strip nude for a Grievance interview complaint
14. in front male Correctional officers and male inmates. This was done
15. in Reprisal for my known above-mention Requests for Safety Concerns.
16.    #13). On May 17, 2024, I reported (PREA) staff sexual misconduct
17. by Sergeant: Hidalgo, using her authority, power, and position
18. over me to perform sex acts upon me from the time period of
19. December 2023 through January 2024, while I was housed at (PVSP)
20. Restrictive housing unit (RHU) Z-9-unit cell#160. This prison official
21. official Sergeant: Hidalgo and I had an intimate sexual relationship.
22. Sergeant: Hidalgo, has now informed her paid inmate proxies, agents
23. and cohorts to kill, attack, and rape me in retaliation for filing
24. grievances above-mention, or Safety Concerns Grievances; related
25. to (SB) 132 Penal Code Section 2606.(A)(B)(4), transfer to all female prison.
26. I am being physically attacked due to me being transgender at this prison.
27.                               [14]

1. #14) The defendants and/or the attorney representing the entitled
2. defendants are so uniquely placed where (they) can monitor,
3. hear, or receive any inmate grievance(s) filed by any transgender
4. status inmate within the California Department of Corrections and
5. Rehabilitation. Specifically requesting (S.B.) 132, Penal Code Section
6. 2606 Transfer to an all female prison, and regarding Safety Concerns.
7. Then coordinate this information to the entitled case, or any
8. other potential court case, in concert/connection with the (civil)
9. prison officials to thwart/deny my Penal Code 2606 Transfer.

## CONCLUSION

11. Pursuant to Federal Rules of Civil Procedure Rule 59;
12. Alaska v. Suburban Propane Gas Corp. 123 F.3d 1317, 1319,
13. (9th Cir. 1997) (Holding that putative class member could intervene for
14. the purpose of appeal after parties settled claims and district court
15. entered final judgment)... See: United States ex rel. Killingsworth
16. v. Northrop Corp., 25 F.3d 715, 719-20 (9th Cir. 1994) (Holding that
17. non-party could intervene for appeal after parties filed stipulation
18. of dismissal in district court.)... See: Warren v. Commissioner
19. of Internal Revenue 302 F.3d 1012, 1014 (9th Cir. 2002)...

## Prayer For Relief

21. That this Honorable Court modify, alter, or amend the
22. Judgment in this entitled case to "Order", or included that all
23. entitled case intervenors transgender inmate status, be transferred
24. forthwith to an all womens prison, or order defendants to show
25. cause why not? within (30) days....        Sincerely submitted,
26. I declare under penalty of perjury under the laws the above is true/correct.
27. Date: May 27th 2024   (15)        Leonard Rep Bows
                                        Prose Intervenor

# EXHIBIT N

1. Inmate Grievances by Reference until order produced
2. By Title #15, Sec. 3370. C-FIR (Kenard Kedavis #T-78448)
3. Dated: 4/18/24  Log No. PVSP-547942  Safety Concerns
4. Dated: 5/22/24  Log No. PVSP-564846  Safety Concerns/PREA
5. Dated: 5/17/24  Log No. PVSP-564010  Safety Concerns/PREA
6. Dated: 5/16/24  Log No. PVSP-563552  Safety Concerns/Thwarting
7. Dated: 5/15/24  Log No. PVSP-562973  Staff Sexual Misconduct
8. Dated: 5/14/24  Log No. PVSP-562488  Safety Concern/Assault
9. Dated: 5/13/24  Log No. PVSP-561619  Circumventing Grievance
10. Dated: 5/13/24  Log No. PVSP-561435  Safety Concern Housing
11. Dated: 5/13/24  Log No. PVSP-561356  Safety Concerns P.C. 2606.
12. Dated: 5/13/24  Log No. PVSP-561176  Safety Concerns
13. Dated: 5/10/24  Log No. PVSP-560659  Safety Concerns
14. Dated: 5/9/24   Log No. PVSP-560030  Facility Design Safety Concerns
15. Dated: 5/7/24   Log No. PVSP-558658  Food Poison Safety Concerns
16. Dated: 5/6/24   Log No. PVSP-557707  Safety Concern
17. Dated: 5/3/24   Log No. PVSP-557063  Housing Safety Concern
18. Dated: 5/2/24   Log No. PVSP-556504  Safety Concerns
19. Dated: 4/29/24  Log No. PVSP-554392  Failure to Protect
20. Dated: 4/26/24  Log No. PVSP-553790  Failure to Protect
21. Dated: 4/24/24  Log No. PVSP-552449  Failure to Protect
22. Dated: 4/23/24  Log No. PVSP-551782  Enemies Concerns
23. Dated: 4/24/24  Log No. PVSP-552526  Failure to Protect
24. Dated: 4/23/24  Log No. PVSP-551853  Safety Concerns
25. Dated: 5/9/24   Log No. HC-24000898 Safety Concerns
26. Dated: 5/10/24  Log No. HC-24000517 Safety Concerns
27. Due to my above mention Safety Concerns ( 1-6 ) I cannot obtain photocopies of exhibits

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, **DAVIS, KENNARD #T-78448**, declare:

I am over 18 years of age and a party to this action. I am a resident of **S.V.S.P.** Prison,

in the county of **MONTEREY**, State of California. My prison address is: **KENNARD LEE DAVIS #T-78448, (S.V.S.P.) P.O. BOX 1050, SOLEDAD, CA. 93960-1050**.

On **5/27/2024** (DATE),

I served the attached: **DRAFT INTERVENOR'S MOTION TO MODIFY, AMEND OR ALTER THE JUDGMENT. FRCP Rule 59.** (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**OFFICE OF THE CLERK**
**2500 TULARE STREET, ROOM 1501**
**FRESNO, CA. 93701-2201**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **5/27/2024** (DATE)       **DAVIS, KENNARD** (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                                                 ::ODMA\PCDOCS\WORDPERFECT\22832\1

-9-