UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE CHANDLER, *et al.*, | Case No. 1:21-cv-01657-JLT-HBK |
| Plaintiffs, | |
| v. | ORDER DENYING KENNARD LEE DAVIS'S MOTION FOR RECONSIDERATION AND REQUEST FOR JUDICIAL NOTICE |
| JEFFREY MACOMBER, *Secretary of the California Department of Corrections and Rehabilitation*, *et al.*, | |
| Defendants. | (Doc. 106) |

Now pending is *pro se* inmate Kennard Lee Davis's Motion for Reconsideration, brought pursuant to Federal Rule of Civil Procedure 60(b), and accompanying Request for Judicial Notice. (Doc. 106.) The Court has received both Davis's motion and Plaintiffs' Opposition, (Doc. 111), and need not wait for the Reply brief to rule on the motion. *See Goldberg v. Barreca*, 720 F. App'x 877, 878 (9th Cir. 2018) ("Because the Goldbergs could not raise new arguments in their reply brief to establish the necessary prima facie case, the district court was not required to wait for a reply brief before ruling.") (citing, in part, Fed. R. Civ. P. 1); *Narayan v. Cnty. of Sacramento*, No. 2:19-cv-0466-TLN-CKD-PS, 2021 WL 1839650, at *1 n.1 (E.D. Cal. May 7, 2021) ("The court need not await plaintiff's optional reply brief before issuing this order because plaintiff's motion is once again improperly noticed.").

///

1

# I. JURISDICTION TO ENTERTAIN MOTION

Recently, the Court denied Davis's Motion to Intervene. (*See* Doc. 96.) On August 13, 2024, Davis concurrently filed her pending Motion for Reconsideration and Request for Judicial Notice, (Doc. 106), and her Notice of Interlocutory Appeal to the Ninth Circuit. (Doc. 107.) The Court ordered Plaintiffs to file supplemental briefing regarding the Court's jurisdiction to entertain Davis's appeal, given her appeal, and Plaintiffs have filed their brief. (Docs. 112, 113.)

Normally, "the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1211 (9th Cir. 2023) (cleaned up) (internal quotation marks and citation omitted). However, the Court retains jurisdiction when there is a pending motion for reconsideration filed before a notice of appeal. *See Miller v. Marriott Int'l Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001).

Though "[t]here is no clear authority regarding the jurisdiction of the district court to entertain a motion for reconsideration that is filed simultaneously with a notice of appeal," *Woodruff v. De Facto Barrett Daffin Frappier Treder & Weiss, LLP*, No. 21-cv-06862-SBA, 2022 WL 2390994, at *1 (N.D. Cal. July 1, 2022), the Court notes that the motion for reconsideration was docketed before the notice of appeal. (*See* Docs. 106, 107.) While docketed the same day, the Clerk's Office stamped its receipt of Davis's motion on August 12, 2024, (Doc. 106 at 1 ("FILED AUG 12 2024")), while the Ninth Circuit received Davis's notice of appeal the next day. (Doc. 107 ("RECEIVED . . . U.S. COURT OF APPEALS AUG 13 2024").) Similarly, Davis dated her motion on August 4, 2024, (Doc. 106 at 3), and her notice of appeal for August 8, 2024, thereby indicating that she intended her motion to be filed before her notice of appeal. *Cf. United States v. Johnson*, No. 3:09-cr-05703-DGE, 2022 WL 9867551, at *1 (W.D. Wash. Oct. 17, 2022) ("Johnson dated the notice of appeal one day earlier than the motion for reconsideration" and therefore "apparently intended for the notice of appeal to be filed first"). The Court is satisfied that it has jurisdiction to entertain Davis's motion. *Miller*, 300 F.3d at 1064.

## II. LEGAL STANDARD

Davis brings this motion for reconsideration pursuant to Rule 60(b). (Doc. 106 at 1.) Federal Rule of Civil Procedure 60(b) provides for relief from a court order or final judgment for six grounds:

(1) [M]istake, inadvertence, surprise, or excusable neglect;
(2) [N]ewly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) [F]raud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing part;
(4) [T]he judgment is void;
(5) [T]he judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) [A]ny other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(5). Local Rule 230(j) requires that "[w]henever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts," the movant must include, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

"A court's power to vacate judgments under Rule 60(b) in order to 'accomplish justice' is balanced against 'the strong public interest in the timeliness and finality of judgments.'" *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)). A motion for reconsideration is not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gibson v. City of Vancouver*, No. 3:20-cv-06162-BHS, 2020 WL 7641202, at *2 (W.D. Wash. Dec. 23, 2020). "A movant seeking relief under Rule 60(b)(6) is required to show extraordinary circumstances justifying the reopening of a final judgment." *Martinez*, 33 F.4th at 1262 (internal quotation marks and citation omitted). "Extraordinary circumstances occur where there are other compelling reasons for opening the judgment that prevented the movant from raising the basis of the motion during the pendency of the case." *Id.* (internal quotation marks and citation omitted).

3

### III.   DISCUSSION

Davis argues that the Court should reconsider its order denying her motion to intervene because the Court failed to judicially notice a separate case in which she is involved, pending in this District. (Doc. 106 at 2 (citing *Davis v. Walker*, 2:08-cv-00593-KJM-DB (PC), Doc. No. 322).) Davis represents that this separate matter illustrates that she is "distinguishable from the transgender inmates" who are intervenors to this case, and as such, implies that she has separate interests from them, such that they do not represent her interests. (*Id.* at 2–3.) For instance, Davis claims that she has experienced more than mere "generalize[d] [ ] traditional mistreatment or sexual harassment," including, sexual violence, rape, assault, harassment, retaliation, and stalking. (*Id.* at 3.)

The Court denies Davis's motion for several reasons. First, Davis's representations are incorrect: the Court considered Davis's interests in this case, including the hardship and sexual victimization and assaults that she has experienced. (Doc. 96 at 6.) That Davis understands her victimization to be worse than the Intervenors has no bearing on whether she shares the same interests as they assert—upholding S.B. 132. *See Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (delineating three factors for when a present party adequately represents the interests of a proposed intervenor).

Though Davis fails to specify which subsection of Rule 60(b) on which she brings this motion, the Court can only surmise that Rule 60(b)(6) potentially applies. *See* Fed. R. Civ. P. 60(b)(6) ("any other reason that justifies relief"). Even still, Davis has failed to satisfy her burden in showing "extraordinary circumstances" or "compelling reasons" warrant such relief, and has failed to show why she failed to bring these arguments or judicial notice request in her initial motion. *Martinez*, 33 F.4th at 1262; *Gibson*, 2020 WL 7641202, at *2 ("[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."); (*see* Doc. 64 at 2.) Instead, Davis attached random filings from her separate case to her original motion to intervene. For instance, Defendants' motion to modify the deadline to respond to a motion for a preliminary injunction. (Doc. 64 at 4–9.) But Davis failed to seek judicial notice request, but even if she had sought judicial notice, she failed to show why

4

this other case bears on whether she should be allowed to intervene in this case, and failed to identify the facts from this case that she intended the Court to judicially notice. Fed. R. Evid. 201(b) (the Court may only judicially notice "fact[s]"); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) ("[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice.") (citation omitted).

Davis has also failed to explain why she did not seek judicial notice in her original motion. E.D. Cal. L.R. 230(j)(3)–(4). Instead, only Davis's reply cited to this separate matter and only for the purpose of arguing that Davis "has serious conflicts of interests with" the Attorney General and Deputy Attorney General of California. (Doc. 66 at 11.) The Court considered this argument and found it insufficient to justify intervention. (Doc. 96 at 7.) Accordingly, Davis's Motion to Reconsider Order and Request for Judicial Notice (Doc. 106) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 11, 2024**

UNITED STATES DISTRICT JUDGE